**Steven Leroy HELTON, Appellant,**

v.

**The STATE OF Texas, Appellee.**

**No. 523–82.**

Court of Criminal Appeals of Texas, En Banc.

June 13, 1984.

---

Steve Carlton, Orange, for appellant.

William C. Wright, County Atty., and C.J. Francisco, III, Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

We granted appellant's petition for discretionary review to examine the holding of the Ninth Court of Appeals as to appellant's third ground of error. On original appeal, appellant argued that his retained attorney had violated the attorney-client privilege. The Court of Appeals held that no error had occurred. *Helton v. State*, 635 S.W.2d 824 (Tex.Ct.App.—Beaumont, 1982). In his petition for discretionary review, appellant additionally argues that the Court of Appeals incorrectly held that the appellant voluntarily, knowingly and intentionally waived his right to counsel.

The record shows that during the presentation of the defense's case, appellant's retained attorney asked the court for permission for the appellant himself to personally question a defense witness. Out of the presence of the jury, defense counsel informed the court that he could not ethically question the witness in that he understood the witness was going to perjure himself. Counsel then called appellant to the stand. Appellant testified, out of the jury's presence, that he desired the witness to testify, that defense counsel had advised against this, and that he desired to examine the witness himself. The trial court then informed appellant that he would be allowed to question the witness and his attorney would be beside him to advise him. The jury was then brought in and appellant conducted a brief examination of the witness. At the conclusion of his questioning, appellant conferred with his attorney at which point he asked one more question of the witness. After the witness was excused, defense counsel then resumed conducting appellant's defense.

Appellant argues that the admonishments in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), should have been given to him. However, *Faretta, supra*, dealt with a situation in which a pro se defendant waived counsel and acted alone in his self-representation. This was not the situation in the instant case. Although appellant questioned one witness himself, he was at all times represented and advised by counsel. *Maddox v. State*, 613 S.W.2d 275 (Tex.Cr.App.1981) (on rehearing); *Phillips v. State*, 604 S.W.2d 904 (Tex.Cr.App.1979).

Appellant also contends that his attorney violated Article 38.10, V.A.C.C.P. when he informed the trial court that the witness was going to commit perjury. Article 38.10, supra, provides:

"All other persons, except those enumerated in Articles 38.06, 38.101, 38.11, and 38.111, whatever may be the relationship between the defendant and witness, are competent to testify, except that an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship."

We would point out initially that there is nothing in the record to show that defense counsel obtained this information as a result of his relationship with appellant. Secondly, the rule protecting the attorney-client relationship

"is absolute as to communications made with an attorney as to past transactions and offenses, but it does not apply to future transactions when the client is contemplating the commission of a crime or the perpetration of a fraud. The purpose of it is to secure to litigants free communication with their attorneys upon all matters involved in litigation and any other legitimate matters concerning which legal advice is desired. It extends to all matters concerning litigation or business transactions, whether pertinent

to the matter in which the attorney was employed or not. But information given to an attorney or statements made to him with the purpose in mind of violating the law or being assisted in the commission of a crime is not privileged, and an attorney may divulge information given or statements made with the intent and purpose of violating the law or perpetrating a fraud without in any manner violating the rule. *Ott v. State,* 87 Tex.Cr.R. 382, 222 S.W. 261." *Williams v. Williams,* 108 S.W.2d 297 (Tex.Civ.App.—Amarillo, 1937, no writ history), at page 299.

See also: Disciplinary Rule 4–101(C), Section 8, Article XII, Rules Governing the State Bar of Texas, following Article 320a–1 V.A.C.S. Furthermore Disciplinary Rule 7–102(A)(4), supra, specifically provides that an attorney "shall not ... [k]nowingly use perjured testimony or false evidence." The record shows that appellant's attorney acted properly in trying to prevent a fraud upon the court. As shown above the attorney-client privilege was not violated.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., concurs in the result.