Thomas Carl **JOHNSON** & Robert
Darnell Stapp, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 499–83.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 16, 1988.

George A. Preston, Dallas, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, Robert Huttash, State's Atty., and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Before us on appellants' petition for discretionary review are convictions for burglary, affirmed by the San Antonio Court of Appeals in a published opinion.[1]

We granted appellants' petition for discretionary review to determine whether the court of appeals erred in finding appellants knowingly and intelligently waived their right to counsel while asserting their right to represent themselves.[2]

The State argues *Maddox v. State,* 613 S.W.2d 275 (Tex.Cr.App.1981) controls because the representation was of a hybrid nature and therefore there is no question of waiver of counsel. *Maddox* relied entirely on *Phillips v. State,* 604 S.W.2d 904 (Tex.Cr.App.1980) wherein the Court stated "appellant partially represented himself in this case, [but] he was also fully represented by counsel. Thus, no question of waiver of counsel is involved." This reasoning does not apply to the instant case, because appellants were *not fully* represented by counsel. Rather, appellants put on their entire defense, while their counsel, assigned to assist them, conducted the balance of the trial. On this basis, appellants

urge waiver of counsel is not mooted because they in fact proceeded pro se.

■■■ Because appellants played a crucial role in their trial and the trial court acknowledged they were proceeding pro se, we agree with appellants. We disagree, however, with the manner in which the State and appellants rest their arguments on the issue of waiver of counsel. When a defendant asserts his pro se rights, analysis must center *not* on a traditional waiver of counsel analysis, but on whether the defendant is aware of the dangers and disadvantages of selfrepresentation. Thus the focus of a trial court's admonishments of a defendant wishing to proceed pro se is on the knowing and intelligent assertion of the right to selfrepresentation. Such is the focus because the right to selfrepresentation does not arise from the accused's power to waive the assistance of counsel but independently from the Sixth Amendment grant to the *accused personally* the right to defend. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ Accordingly, in *Martin v. State,* 630 S.W.2d 952 (Tex.Cr.App.1982) we held *Faretta* does not mandate an "inquiry concerning appellant's age, education, background, or previous mental health history" in every instance where an accused expresses a desire to represent himself, for the record may otherwise be sufficient for the Court to make " 'an assessment of his knowing exercise of the right to defend himself.' " *Faretta,* 422 U.S. at 836, 95 S.Ct. at 2541, cited in *Martin,* 630 S.W.2d at 954.

To make this assessment, we require no litany, "no formulaic questioning[,]" *Blankenship v. State,* 673 S.W.2d 578, 583 (Tex.Cr.App.1984), but defendants must be "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Adams v. United States, ex rel.*

---

1. *Johnson v. State,* 653 S.W.2d 324 (Tex.App.—San Antonio 1983).

2. Further, appellants urge us to consider, as unassigned error, whether they were denied a fair trial because counsel was assigned to assist

them. The court of appeals was not called upon to decide this matter, however, and neither, therefore, shall we. *Lambrecht v. State,* 681 S.W.2d 614 (Tex.Cr.App.1984).

*McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942), cited in *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. Generally, the record must be sufficient for the reviewing court to make an assessment that appellant knowingly exercised his right to defend himself. Admonishments of defendants who wish to proceed pro se should include an effort to ensure that the defendant is aware of the practical disadvantages of representing himself. The defendant should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights. *Martin,* supra; *Burton v. State,* 634 S.W.2d 692 (Tex.Cr.App.1982). As *Faretta,* supra, held, his eyes should be open to the fact that, while it is undoubtedly his right, he is about to embark on a risky course.

■ In the case at bar, the court explained the range of punishment to appellants, with the added admonishment to Johnson that he was subject to a life sentence. The court also pointed out, albeit a bit indirectly, that there are "certain rights .... a non-lawyer would be unable to accomplish." The judge underscored the risks by insisting counsel be present to act in an advisory capacity. Appellants acquiesced to this arrangement. Further, the court asked Appellant Stapp if he felt competent to conduct crossexamination of the witnesses. After these admonishments, the court told appellants that no evidence would be received until the following day, hence they would have time to contact additional counsel if they so wished. On the following day, both appellants reiterated their desire to proceed without counsel. Viewing the record in its entirety, we find appellants knowingly exercised their right to defend themselves, and, in so doing, relinquished benefits of representation by counsel.

The judgments are affirmed.

MILLER, J., concurs in the result.

ONION, Presiding Judge, concurring in part and dissenting in part.

Along came *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), establishing the independent constitutional right to self-representation. Justice Blackmun in his dissent warned us of the procedural difficulties and of the detour signs on the road ahead. He did not, however, tell us there would be so many. The construction of *Faretta* was fairly smooth and uniform until the second phase of construction began in Texas. Although in the early days construction in Texas was like that in most other jurisdictions, the introduction of a new construction method, a new interpretation [*Martin v. State,* 630 S.W.2d 952 (Tex.Cr.App.1982)], has kept the dust raised resulting on occasion in the sub silentio return to the former method of construction [see, e.g., *Funderburg v. State,* 717 S.W.2d 637, 641–642 (Tex.Cr. App.1986)]. With the use of *Martin* the majority of this Court's engineers has thus provided a bumpy, dusty road with annoying vibrations for the bench and bar to follow to reach *Faretta.* The road signs erected during construction are sending mixed signals to all concerned. And today the majority again utilizes *Martin.*

Although I reach the same result in the instant case as does the majority, I reach it for different reasons. However, I would overrule *Martin* and its progeny, and return to the generally uniform interpretation of *Faretta* (regarding the waiver of the right to counsel) which prevails throughout the nation.

Appellants Johnson and Stapp were separately indicted for the same burglary offense. They were jointly tried and convicted by a jury. The jury assessed Stapp's punishment at 12 years' imprisonment. The jury also found that Johnson had been previously convicted of two prior non-capital felonies as alleged. His punishment then was assessed at life imprisonment by the court in accordance with the law. See V.T.C.A., Penal Code, § 12.42(d) (1974), in effect at the time of the joint trial.

On appeal both appellants jointly urged in separate briefs, inter alia, that the "record fails to reflect that the trial court adequately questioned and warned the de-

fendant about his Sixth Amendment right to an attorney," citing *Faretta.*

The Court of Appeals rejected this and other points of error on appeal and affirmed the conviction. *Johnson, et al. v. State,* 653 S.W.2d 324 (Tex.App.–San Antonio 1983).

In their joint petition for discretionary review the appellant urged in their first ground of review that "The Court of Appeals erred in finding an effective waiver of counsel for appellants Johnson and Stapp." We granted the petition to determine whether the Court of Appeals erred in finding that the appellants knowingly and intelligently waived their right to counsel while asserting their right to represent themselves.

It is appellants' contention that the trial court inadequately questioned and warned the appellants about their Sixth Amendment right to an attorney. They rely upon *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which held that the Sixth Amendment as made applicable to the states by the Fourteenth Amendment guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so.

In *Faretta,* supra, the Court wrote:

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. *Johnson v. Zerbst,* 304 U.S. [458] at 464–465, 58 S.Ct. [1019] at 1023 [82 L.Ed. 1461 (1938)]. Cf. *Von*

*Moltke v. Gillies,* 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309 [ (1948) ] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.' *Adams v. United States ex rel. McCann,* 317 U.S. at 279, 63 S.Ct. at 242."[1]

In the wake of *Faretta* it has been the new unanimous view that the assertion by an accused of his right to self-representation is dependent, in part, upon a waiver of his right to counsel. In Note: *Criminal Procedure—The Right To Proceed Pro Se: Judicial Gymnastics With the Sixth Amendment,* 54–2 North Carolina Law Rev. 705, 706 (1975/1976), it was stated:

"... in Faretta v. California, a divided United States Supreme Court unequivocally held that state criminal *defendants have a constitutional right to proceed pro se upon a free and knowledge waiver of counsel.*" (Emphasis supplied.)

In *Recent .Developments—Faretta v. California,* 4 Hofstra Law Rev. 449, 453 (1976), it was written:

"*The absolute prerequisite to self-representation is a knowing and intelligent waiver of the right to assistance of counsel.* This odd circumstance—predicating the exercise of one constitutional right on the waiver of another—finds its basis in the fundamental importance attached to representation by counsel." (Emphasis supplied.)

---

**1.** It should be here observed that all three cases cited in the above quote dealt with the right to waive the assistance of counsel. *Johnson v. Zerbst,* supra, is the leading case on the waiver of the right to counsel. The main issue in *Adams* was the validity of the waiver of an affirmative constitutional right, e.g., trial by jury, in absence of the assistance of counsel to advise the defendant of the consequences of such a waiver. The Supreme Court, however, nevertheless outlined its views on the right to

pro se representation via dictum. The quote for which *Adams* is best known is as follows: "But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with his eyes open. *Johnson v. Zerbst,* 304 U.S. 458, 468, 469, 58 S.Ct. 1019, 1024, 1025, 82 L.Ed. 1461." Clearly *Adams* relied upon *Johnson v. Zerbst,* supra, for support of its now well-known statement.

In *Recent Cases: Criminal Law—Defendant Has Constitutional Right To Defend Himself,* 41 Missouri Law Review 431, 434, it was written:

"Although the decision in *Faretta* rests on a substantial constitutional foundation the Court's opinion is unquestionably deficient in its discussion of the procedural aspects of a defendant's right to defend himself. For this reason, a substantial impact of *Faretta* may well be the procedural difficulties entailed in the judicial administration of this right.

*"The initial procedural problem will undoubtedly involve a determination that the defendant has 'knowingly and intelligently' waived his right to the assistance of counsel....*

"Past decisions of the Supreme Court offer some guidance as to the standards to be applied when a defendant wishes to waive his right to counsel. In *Johnson v. Zerbst* [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)] the Court enunciated a test of knowing and intelligent waiver, but it did not require that the defendant be made aware of the specific difficulties attendant upon his particular defense. In *Von Moltke v. Gillies* [332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (Opinion Black, J.)] Justice Black offered a more specific standard which required that a defendant have an apprehension of such specific elements as lesser included offenses, range of punishments, and possible defenses in order to make a valid waiver. However, because the *Von Moltke* opinion was adopted by only a plurality of the Court, some courts have chosen not to adhere to the specificity which it dictates." (Emphasis supplied.)

See also Note: *Faretta v. California: The Law Helps Those Who Help Themselves,* 28 Hastings Law Journal 283 (1976); Comment: *Faretta v. California: An Examination of Its Procedural Deficiencies,* 7 Columbia Human Rights Law Review 553 (1975).

Subsequently, in *McKaskle v. Wiggins,* 465 U.S. 168, 172, 104 S.Ct. 944, 948, 79 L.Ed.2d 122 (1984), the Court held that a pro se defendant's Sixth Amendment right to conduct his own defense was not violated by the unsolicited participation of standby counsel. In the opinion the Court wrote:

"In *Faretta* the Court considered the case of a criminal defendant who was required to present his defense exclusively through counsel. The Court held that an accused has a Sixth Amendment right to conduct his own defense *provided only that he knowingly and intelligently forgoes his right to counsel* and that he is able and willing to abide by rules of procedures and courtroom protocol." (Emphasis supplied.)

Federal courts in their interpretation of *Faretta* have concluded that a defendant in a criminal case is entitled to proceed pro se if he clearly asserts his right to self-representation after knowingly and intelligently waiving the right to counsel. Thus, the constitutional right of self-representation necessarily entails a waiver of the constitutional right to be represented by counsel. See, e.g., *Chapman v. United States,* 553 F.2d 886, 892 (5th Cir.1977); *Meeks v. Craven,* 482 F.2d 465, 467 (9th Cir.1973); *Richardson v. Lucas,* 741 F.2d 753, 756 (5th Cir.1984).

In *Moreno v. Estelle,* 717 F.2d 171, 174 (5th Cir.1983), the Court wrote:

"But while *Faretta* grants the defendant the right to conduct his own defense, it cautions that such a decision necessarily requires the accused to relinquish 'many of the traditional benefits associated with the right to counsel.' *Faretta,* supra, 422 U.S. at 835, 95 S.Ct. at 2541. Thus, the defendant's decision to proceed pro se must be clearly and unequivocally expressed after a knowing and intelligent *waiver* of the right to proceed with the assistance of counsel." (Emphasis supplied.)

The *Moreno* Court quoted further from *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir.1982) (en banc):

" 'While the right to counsel is in force until *waived,* the right of self-representation does not attach until *asserted.* In order for a defendant to represent himself, he must "knowingly and intelligently" forego counsel, and the request must

be "clear and unequivocal." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541.' " (Emphasis in the original opinion.)

See also *United States v. Weninger*, 624 F.2d 163 (10th Cir.1980), cert. den. 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980); [2] *United States v. Rylander*, 714 F.2d 996 (9th Cir.1983), cert. den. 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984); *United States v. McDowell*, 814 F.2d 245 (6th Cir.

1987); *Wiggins v. Procunier*, 753 F.2d 1318 (5th Cir.1985).[3]

In *Tuitt v. Fair*, 822 F.2d 166 (1st Cir. 1987), cert. den. —— U.S. ——, 108 S.Ct. 333, 98 L.Ed.2d 360 the Court recently concluded that *all* federal courts construe the Constitution to require a defendant to effectively waive his right to counsel before being granted the right to self-representation.[4] And the various factors to be con-

---

**2.** In *Weninger*, supra, the Court noted that *Faretta* had held that a defendant had the constitutional right under the Sixth Amendment to defend against a criminal charge pro se but the *assertion of the right is conditioned on* a knowing and intelligent *waiver of counsel* and that *to ascertain whether a defendant has knowingly and intelligently waived his right to counsel a court must consider "the total circumstances of the individual case including background, experience and conduct or accused person."* (Emphasis supplied.)

**3.** In *Wiggins v. Procunier*, supra, the Court, at p. 1320, wrote:

"... it is clear that Wiggins did raise below the issue of his right to represent himself in the State proceeding. *A necessary prerequisite to his assertion of that right is the effective* waiver of his right to counsel. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Due to the close interrelation between the two rights and consideration being given to the fact that Wiggins's petition was filed *pro se* and should therefore be liberally read, we believe that Wiggins's petition fairly raised the issue of his right to counsel. Accordingly, we shall consider the right to counsel issue on the merits.

"Wiggins's argument is founded on the well-established principle that in order to effectively waive the right to counsel, a defendant must do so voluntarily, knowingly, and intelligently. *Richardson v. Lucas*, 741 F.2d 753, 756 (5th Cir.1984). Wiggins concedes, as he must, that his assertion of his right to self-representation was unequivocal in the state court; therefore, his attempt to waive his right to counsel was clearly voluntary. Nonetheless, Wiggins urges that we cannot be certain that the waiver was knowingly and intelligently made, as the record from the state court contains *no colloquy between Wiggins* and the court with respect to this issue.

"We are convinced that a colloquy between a defendant and a trial judge is the preferred method of ascertaining that a waiver is voluntary, knowing, and intelligent. However, we have never required such a colloquy as a 'bright-line' test in cases of this type, and we decline to do so now. *In order to determine whether the right to counsel has been effectively waived, the proper inquiry is to evaluate the circumstances of each case as well as the back-*

ground of the defendant. Ford v. Wainwright, 526 F.2d 919, 922 (5th Cir.1976)." (Emphasis supplied.) See and cf. *State v. Smith*, 50 Wash.App. 524, 749 P.2d 202 (1988), indicating that only rarely will adequate information exist on the record absent a colloquy to show a knowing and intelligent waiver of counsel.

**4.** Since the conclusion is important to the instant discussion and illustrates the potential hazard in allowing a defendant to proceed pro se without an affirmative waiver of the right to counsel, a portion of the *Tuitt v. Fair* opinion is quoted at length from 822 F.2d at 174–177:

"A. *Whether An Accused Who Wants To Proceed Pro Se May Be Required To Waive Unequivocally The Right To Counsel*

"The constitutional right of self-representation necessarily entails a waiver of the constitutional right to be represented by counsel. *See, e.g., Chapman v. United States* 553 F.2d 886, 892 (5th Cir.1977); *Meeks v. Craven*, 482 F.2d 465, 467 (9th Cir.1973); *Richardson v. Lucas*, 741 F.2d 753, 756 (5th Cir.1984). As the Supreme Court explained in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the case in which it recognized the constitutional right to self-representation,

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits. *Johnson v. Zerbst*, 304 U.S. [458] at 464–65 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)]. Cf. *Von Moltke v. Gillies*, 332 U.S. 708, 723–24 [68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams v. United States ex rel. McCann*, 317 U.S. [269] at 279 [63 S.Ct. 236, 242, 87 L.Ed. 268]. *Id.* 422 U.S. at 835, 95 S.Ct. 2541. *See also McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (defendant has 'Sixth

Amendment right to conduct his own defense, provided only that he knowingly and intelligently forgoes his right to counsel').

"The clash of these two mutually exclusive constitutional rights can create a difficult situation for a trial court. The Fifth Circuit has stated,

"The election to defend pro se entails the waiver of the right to be represented by counsel. Hence the right of self-representation is conditioned on the 'knowing and intelligent' relinquishment of the right to counsel.... Lest there be a case in which a defendant clearly asserts the right to defend pro se (so that the denial of the right would be error) without clearly waiving the right to counsel (so that there remains some question whether the waiver was knowing and intelligent), a trial judge should engage in a dialogue with such a defendant, explaining to him the consequences of defending pro se.

*Chapman v. United States*, 553 F.2d at 892.

"When a defendant refuses to waive his right to counsel, while demanding to proceed pro se, the trial court will find it hard to know which constitutional right is being asserted, and which is being waived, especially since the right to an attorney is in effect until waived, while the alternative right to self-representation is not in effect until asserted. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982). Where the two rights are in collision, the nature of the two rights makes it reasonable to favor the right to counsel which, if denied, leaves the average defendant helpless. *See Wainwright*, 665 F.2d at 611 ('In the absence of a clear and knowing election, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense'; waiver of the right to proceed pro se is more easily inferred).

"Recognizing the burden on trial courts when defendants refuse to waive the right to counsel, or do so equivocally, while also asserting a right to proceed pro se, the Ninth Circuit has required that a defendant's demand to proceed pro se be *unequivocal. Meeks v. Craven*, 482 F.2d 465 (9th Cir.1973). The reason an 'unequivocal' demand is required is that, otherwise, 'convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel.' *United States ex rel. Maldonado v. Denno*, 348 F.2d [12] at 15–16 [2nd Cir.1965]. The trial judge is confronted with a conflict between two rights. He should not be presented with an impossible situation.... An 'unequivocal' demand to proceed *pro se* should be, at the very least, sufficiently clear that if it is granted the defendant should not be able to turn about and urge that he was improperly denied counsel....

"A trial judge always has a problem when a defendant waives his right to counsel and asserts his right to try his own case. Later, upon reflection, and with new counsel, the defendant is quite likely to mount a collateral attack upon his trial or plea, claiming either that he did not understand what he was doing or that the court should have coerced counsel upon him.... We can find no constitutional rationale for placing trial courts in a position to be whipsawed by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules. *See United States ex rel. Maldonado v. Denno*, 348 F.2d at 16.

*Meeks*, 482 F.2d at 467–68.

"Similarly recognizing the trial courts' 'unenviable position' when trying to reconcile these two conflicting constitutional rights, the D.C. Circuit has said,

Whereas before *Faretta* the focus of the judge was upon the constitutional necessity to provide counsel if a defendant's attempted waiver of his right to counsel was inadequate, now the judge is also bound by constitutional considerations to grant a request for self-representation if it appears that the choice of that right is, as the Supreme Court put it in *Faretta*, made 'competently and intelligently.'

*United States v. Bailey*, 675 F.2d 1292, 1300 (D.C.Cir.1982). *See also United States v. Bennett*, 539 F.2d 45, 50 (10th Cir.1976) (The right to self-representation is 'one which the defendant must clearly and unequivocally assert before trial.... This ·is necessary because the trial court faces the difficult related problem of ascertaining whether there is an intelligent and voluntary waiver of the right to counsel.').

"The Ninth Circuit's fear that a canny defendant may try to play one constitutional right against the other has been borne out in subsequent cases. In *United States v. Bailey*, 675 F.2d 1292 (D.C.Cir.1982), the defendant 'earnestly sought, and succeeded in obtaining' the court's permission to proceed pro se. *Id.* at 1297. After proceeding pro se and being convicted, the defendant, on appeal, claimed that he had been deprived of his Sixth Amendment right to counsel because 'the District Court failed to elicit an effective waiver of counsel before granting [the defendant's] request to represent himself.' *Id.* The D.C. Circuit struggled mightily with this claim before rejecting it. It ended up requiring district courts, in the future, to warn defendants on the record of the dangers and disadvantages of self-representation. *Id.* at 1300.

"In *Brown v. Wainwright*, 665 F.2d 607 (5th Cir.1982), prior to trial the defendant asked to proceed pro se because he was not satisfied with his counsel. The trial court was 'reluctant to grant the motion.' Later, counsel told the court that he and the defendant had resolved their difficulties. The attorney presented the case, but after all the evidence was in and just before closing arguments, defendant renewed his request to proceed pro se. This request was denied. In his habeas corpus appeal to the federal court, he claimed his right to self-representation had been impermissibly denied. *Id.* at 609–11. The Fifth Circuit (en banc) held that the defendant's right to self-representation had not been unconstitutionally denied, stating, 'We affirm in this case the traditional judicial belief that in

the absence of a *clear* and *unequivocal* waiver by defendant, a court should not deprive defendant of his right to counsel.' *Id.* at 612 (emphasis added).

"*Wilks v. Israel,* 627 F.2d 32 (7th Cir.1980), illustrates the potential hazards inherent in allowing a defendant to represent himself without first securing an unequivocal waiver of his right to an attorney. The defendant there sought to discharge his court-appointed attorney, stating that he would represent himself if necessary. The court was reluctant to grant the dismissal but finally agreed to allow the defendant to present his own case. On the first day of trial the defendant told the court he had changed his mind and now wanted the attorney to represent him. The attorney conducted the defense up to and including examining the defendant on the stand. The defendant changes his mind again and sought, and was allowed, to dismiss his court-appointed attorney, although the attorney remained as a stand-by counsel. On a habeas petition to the federal court, the defendant unsuccessfully claimed that 'he did not waive his right to counsel but instead insisted on representation by an attorney; that the choice offered him—either self-representation or [the court-appointed attorney]—placed him in an untenable position which deprived him of his free choice; and that the court should have ordered [the attorney] to continue his representation of the petitioner.' *Wilks,* 627 F.2d at 35. *See also Richardson v. Lucas,* 741 F.2d 753 (5th Cir.1984) (claim of inadequate waiver of Sixth Amendment right to counsel rejected where defendant had sought dismissal of court-appointed attorney; Fifth Circuit emphasized need to find a voluntary waiver).

"*It is clear from the foregoing that all federal courts construe the Constitution to require a defendant to effectively waive his right to counsel before being granted the right to self-representation.* While the practice varies as to the form of warnings and waiver language, there is no question that actions and words sufficient to demonstrate a knowing and intelligent waiver of the right to counsel are deemed essential.

"The courts of the Commonwealth of Massachusetts have adopted a position generally similar to that taken by the federal courts, in particular the Ninth Circuit. In Massachusetts, it has long been held that 'once the defendant has made a timely and unequivocal request' to proceed pro se, the trial court should conduct some sort of inquiry in order to ascertain the defendant's reasons for asserting the right (so as to be sure the request is voluntary, and not simply the result of a trial court improperly requiring a defendant to proceed with an attorney that is unfit to defend him, *see Commonwealth v. Cavanaugh,* 371 Mass. 46, 353 N.E.2d 732 (1976)), and to make sure that the defendant is aware of the risks of proceeding pro se so that the waiver is knowingly and intelligently made. *Commonwealth v. Chapman,* 8 Mass.App.Ct. 260, 265, 392 N.E.2d 1213, 1217 (1979); *Commonwealth v. Mott,* 2 Mass.App.Ct. 47, 308 N.E.2d 557 (1974). (Footnote omitted.)

"In the present case, the state trial judge—seeking to follow the established rule that the right to proceed pro se entails an affirmative, knowing and intelligent waiver of the right to counsel—thought it proper to seek an unequivocal, express waiver of the right to counsel as a prerequisite to granting defendant's motion to represent himself. The Massachusetts Supreme Judicial Court approved his approach. This is the approach the Ninth Circuit Required in *Meeks v. Craven,* 482 F.2d 465. Given the difficulty that can ensue if a waiver is not fully established, we see nothing wrong in such a requirement.

"*The right to counsel is, in a sense, the paramount right; if wrongly denied, the defendant is likely to be more seriously injured than if* denied his right to proceed pro se. Accordingly, we think that requiring an express waiver of the former right before recognizing the latter is a defensible procedure. Certainly we do not agree with petitioner that as soon as he stated that he would rather proceed pro se, the court should have granted the request without further inquiry. Tuitt contends that a simple statement such as, 'I'd rather go pro se than have this court-appointed attorney,' is sufficient as a matter of law to require the granting of self-representation. He contends that any further waiver requirement is an unwarranted and impermissible burden on the defendant's constitutional right to represent himself. As our discussion of the case law shows, however, had the trial judge granted the request to proceed pro se without basis in the record form which to demonstrate a knowing and intelligent waiver of the right to counsel, he would have been vulnerable on appeal to the claim that the defendant's Sixth Amendment right to counsel was violated. Even in this circuit, where we eschew formalistic waivers, we have refused to accept a simple request to go pro se as by itself showing that the waiver of counsel was *knowing* and *intelligent. Maynard v. Meachum,* 545 F.2d at 279 (while simple request sufficient to find that the required waiver of attorney was voluntary, a remand necessary to find whether, inter alia, the waiver was knowing and intelligent). To be sure, the trial court could have adopted alternative courses, such as explaining Tuitt's rights fully, making such inquiry of Tuitt as it deemed sufficient and then hoping an appellate court would infer from the record a sufficient waiver. But we do not think the Constitution limits all jurisdictions to just one approach. We see no reason why Massachusetts, to avoid confusion among its courts, may not insist that the right to go pro se be conditioned upon an express and unequivocal waiver of counsel.

"*We conclude that the state court was entitled to require an express waiver from Tuitt of the right to counsel before allowing Tuitt to proceed pro se.*" (Emphasis supplied.)

All of the footnotes of the opinion quoted above have been omitted, but a portion of footnote 3 at p. 176 following the discussion of *Wilks v. Israel,* supra, reads:

sidered in the process such as age, background, education and experience, etc., were discussed in *United States v. Martin*, 790 F.2d 1215 (5th Cir.1986), where the defendant complained on appeal that the district court did not adequately assess his waiver of counsel in a *Faretta* situation. In response the Court wrote:

"A defendant has a constitutional right to waive counsel and conduct his own defense, provided his decision is knowing and voluntary and 'he is able and willing to abide by rules of procedure and courtroom protocol.' *McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *For self-representation, a defendant must 'knowingly and intelligently' forego counsel, and the request to proceed pro se must be 'clear and unequivocal.'* *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982) (*en banc*). Before granting the request, the trial judge must caution the defendant about the dangers of such a course of action so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. '*In order to determine whether the right to counsel has been effectively waived, the proper inquiry is to evaluate the circumstances of each case as well as the background of the defendant.*' *Wiggins v. Procunier*, 753 F.2d 1318, 1320 (5th Cir.1985).

"*Following Faretta's progeny and related cases, we underscored various factors which are to be weighed in this process:*

The court must consider the defendant's age and education, *Mixon v. United States*, 608 F.2d 588 (5th Cir. 1979), *and other background, experience, and conduct. Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Middlebrooks v. United*

*States*, 457 F.2d 657 (5th Cir.1972). The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, *Blasingame v. Estelle*, 604 F.2d 893 (5th Cir. 1979), and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Raulerson v. United States*, 732 F.2d 803 (11th Cir.1984).

*McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir.), *cert. denied*, 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985).

"Applying these factors, we entertain no doubt that Martin's waiver was knowingly, intelligently, and voluntarily made. It was his apparent and stated intent before arraignment. It was his obvious intent before trial. There is no merit in this assignment of error, nor in the contention that since he was · uncertain whether he would have to pay standby counsel that this in some way implicated Martin's sixth amendment right. That issue is the apparent product of intense effort and the keen legal mind of appellate counsel, but it is not persuasive." (Emphasis supplied.)

Thus, it is clear that various factors such as age, background, education, experience, etc., are to be considered in the process.

The same approach utilized by the federal courts has been taken by the majority of the state appellate courts, which generally have required that there be a finding of a waiver of the right to counsel as a prerequisite to an assertion of the right to self-representation. See, e.g., *State v. Bauer*, 310 Minn. 103, 245 N.W.2d 848 (1976); *State v. Burgin*, 539 S.W.2d 652 (Mo.App. 1976); *State v. Easton*, 35 Or.App. 603, 582 P.2d 37 (1978); *Williams v. State*, 655 P.2d 273 (Wyo.1982); *State v. Lafferty*, 749 P.2d 1239 (Utah 1988); *McCracken v. State*, 518 F.2d 21, 25 (1st Cir.), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984); *Filippini v. Ristaino*, 585 F.2d 1163, 1196 (1st Cir.1978); *Maynard v. Meachum*, 545 F.2d 273 (1st Cir.1976)."

---

"Similar cases have arisen in this circuit where, after a defendant was allowed to represent himself at trial, he has claimed deprivation of his right to counsel for lack of an effective waiver. *United States v. Hafen*, 726

P.2d 85 (Alaska 1974); *Coleman v. State,* 617 P.2d 243 (Okl.Cr.App.1980).

Our own state case law until recently has also interpreted *Faretta* as requiring that the record show, inter alia, that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. See, e.g., *Webb v. State,* 533 S.W.2d 780 (Tex. Cr.App.1976); *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977); *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977); *Trevino v. State,* 555 S.W.2d 750 (Tex.Cr.App.1977); *Jordan v. State,* 571 S.W.2d 883 (Tex.Cr. App.1978); *Lisney v. State,* 574 S.W.2d 144 (Tex.Cr.App.1978); *Renfro v. State,* 586 S.W.2d 496 (Tex.Cr.App.1979); *Goodman v. State,* 591 S.W.2d 498 (Tex.Cr.App.1979); *Geeslin v. State,* 600 S.W.2d 309 (Tex.Cr. App.1980); *Lawson v. State,* 604 S.W.2d 91 (Tex.Cr.App.1979); *Campbell v. State,* 606 S.W.2d 862 (Tex.Cr.App.1980). See also *Johnson v. State,* 653 S.W.2d 324 (Tex. App.–San Antonio 1983); *Reed v. State,* 717 S.W.2d 643 (Tex.App.–Amarillo 1986); *Bell v. State,* 734 S.W.2d 83 (Tex.App.–Austin 1987); *Perales v. State,* 730 S.W.2d 205 (Tex.App.–San Antonio 1987).

In *Thomas,* supra, it was held that for a court to determine whether a defendant has waived his right to counsel the record must show that the defendant was competent to waive his right to counsel and that he knowingly and intelligently did so after being made aware of the dangers and disadvantages of self-representation. And in *Jordan,* supra, the record was not sufficiently developed to show knowing and intelligent waiver of counsel after the defendant was made aware of the dangers and disadvantages of proceeding pro se. Other cases found the record failed to show either an affirmative waiver of counsel or a proper admonishment as to self-representation, e.g., *Barbour,* supra; *Goodman,* supra; *Geeslin,* supra; *Renfro,* supra; *Lisney,* supra. And in many of these cases, with regard to the waiver of counsel, it was often observed that waiver of counsel was "an intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), that such waiver will

not be presumed from a silent record, *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App. 1970), and that waiver will not be "lightly inferred" and courts will indulge every reasonable presumption against the waiver. *Johnson v. Zerbst,* supra. See, e.g., *Webb v. State,* 533 S.W.2d 780, 785 (Tex.Cr.App. 1976) (footnotes 7 and 8); *Barbour,* supra, at 373; *Goodman,* supra, at 499. Thus a heavy burden rests upon the State to prove that the defendant waived his right to counsel. *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr.App.1970); *Goodman,* supra, at 499.

In *Geeslin,* supra, the Court noted the two elements of *Faretta* and that the trial court must be satisfied as to the existence of both before allowing a defendant to proceed pro se. *Geeslin,* supra, but not *Barbour,* supra, and *Goodman,* supra, as the majority would have it, held that to determine whether waiver of counsel is intelligent and voluntary the trial court "should" inquire into the defendant's age, background, education and experience and that the record "must" reflect such inquiry. *Geeslin,* supra, cited *Renfro,* supra, and *Lisney,* supra, for the "should" requirement and *Webb,* supra, and *Thomas,* supra, for the "must" requirements. *Lisney* and *Renfro* both found the record deficient as to both waiver of counsel and admonishment as to self-representation and further observed that the trial court had made no inquiry as to age, background, education, experience, etc., to assist in the proper determination. *Thomas* merely held that the "record must show the defendant is competent to waive the right to counsel" and *Webb* held the "record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to represent himself." Age, background, experience, etc., have long been traditional factors to consider in determining an affirmative waiver of counsel. This cannot be doubted. The language in *Geeslin* must be read in light of the cases cited therein, and in light of the fact that this Court has said the waiver of counsel is to be deter-

mined from the totality of the circumstances. *Moreno v. State*, 511 S.W.2d 273, 276–77 (Tex.Cr.App.1974), cert. den. 419 U.S. 1115, 95 S.Ct. 794, 42 L.Ed.2d 813; *Thomas v. State*, 458 S.W.2d 817, 819 (Tex.Cr.App. 1970). See also *Williams v. State*, 566 S.W.2d 919 (Tex.Cr.App.1978); *Castro v. State*, 562 S.W.2d 252 (Tex.Cr.App.1978); *Johnson v. State*, 614 S.W.2d 116 (Tex.Cr. App.1981).

Nothing in *Geeslin* or earlier Texas cases sought to mandate a litany that must be absolutely followed nor did they attempt to attribute to *Faretta* any such requisites.

In *Martin v. State*, 630 S.W.2d 952 (Tex. Cr.App.1982), the burglary conviction was reversed on original submission, the opinion finding that the record did not support a valid waiver of counsel in a *Faretta* situation. While there was a written waiver of counsel the Court found it was couched in conclusory terms and of little assistance in determining an intelligent waiver. Citing *Geeslin* and *Renfro*, the original opinion noted that "this Court" (not *Faretta*) had held that a requisite to a valid waiver of counsel was an inquiry into age, background, education and experience of the defendant and that there had been no such inquiry.

On rehearing a reexamination of the record as a whole or the totality of the circumstances (including compelling circumstantial evidence) showed, despite the failure of the trial court to make specific inquiry into age, experience, etc., that there was a reasonable basis for the trial court to have been satisfied that all the *Faretta* requirements had been fulfilled and that the waiver of counsel was both voluntary and intelligent. See and cf. *State v. Gethers*, 193 Conn. 526, 480 A.2d 435 (1984); *Fowler v. United States*, 411 A.2d 618 (Dist.Col.App.1980), cert. den. 446 U.S. 985, 100 S.Ct. 2967, 64 L.Ed.2d 841.

However, the majority on rehearing in *Martin*, withdrawing the opinion on original submission, seized the opportunity, without any necessity for doing so, to advance a different construction of *Faretta*, down-playing or eliminating the requirement of the foregoing or waiving the right of counsel so long as "an assessment" reflects a "knowing" assertion or exercise of the right of self-representation.

The majority on rehearing in *Martin* noted that *Faretta* had found in the Sixth Amendment an independent constitutional right of an accused to conduct his own defense, not arising out of his power to waive assistance of counsel. It then quoted the portion of *Faretta* at 95 S.Ct. at 2541 (quoted earlier in this opinion) and then disclaimed the necessity of any requisites. The majority noted the colloquy, waiver, other portions of the *Martin* record and found "experience" from allegation and proof (near end of trial) of a prior conviction. The Court concluded that "the record establishes that appellant knew what he was doing and his choice was made with eyes open." There was no express statement about waiver of counsel or relinquishment of benefits of counsel. The other contentions were disposed of and the conviction affirmed.

Judge W.C. Davis in his concurring opinion cautioned that *Faretta* required *both* that an accused make a knowing and intelligent waiver of counsel and be admonished of the dangers and disadvantages of self-representation after assertion of the right to proceed pro se, and that a waiver of counsel will not be "lightly inferred" nor presumed from a silent record and courts will indulge every reasonable presumption against such a waiver.

That the majority opinion in *Martin* on rehearing needed further explanation was evident. This was attempted in the concurring opinion in *Blankenship v. State*, 673 S.W.2d 578 (Tex.Cr.App.1984). The author of *Martin*, Judge Clinton, stated at 586 in footnote 1:

"In *Martin v. State*, 630 S.W.2d 952 (Tex.Cr.App.1982) the Court held such an inquiry is unnecessary in cases where the record otherwise reflects a knowing exercise of the right to selfrepresentation; in so doing, *Martin*, supra, distinguished the requisites for a pure 'waiver of counsel' showing from what is required to show a 'relinquishment of benefits associated with the right to counsel' which

necessarily accompanies the knowing exercise of the right to self-representation contemplated by *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

"Thus, it is essential to note that *Martin,* supra, modified all prior decisions of the Court in cases involving an assertion of the self-representation right, to the extent that their focus was on the traditional 'waiver of counsel' inquiry, rather than that circumscribed by *Faretta,* supra."

Still later Judge Clinton in footnote 1 of *Lambrecht v. State,* 681 S.W.2d 614, 615 (Tex.Cr.App.1984), wrote:

"But see *Martin v. State,* 630 S.W.2d 952 (Tex.Cr.App.1982) in which the Court acknowledged the Supreme Court's reasoning that the independent right to self-representation does not arise from the accused's power to waive assistance of counsel and observed that prior decisions of this Court which had iterated exacting 'requisites' for establishing a knowing waiver of counsel, [e.g., *Barbour v. State,* 551 S.W.2d 371 (Tex.Cr.App.1977); *Goodman v. State,* 591 S.W.2d 498 (Tex. Cr.App.1980); and *Geeslin v. State,* 600 S.W.2d 309 (Tex.Cr.App.1980) ], had read *Faretta* incorrectly. We stated:

"The *Faretta* opinion simply cannot reasonably be read to require that a trial judge spread upon the record all such information and data about an accused that might conceivably impugn his decision to represent himself...."

630 S.W.2d at 954, n. 5; see also *Blankenship v. State,* 673 S.W.2d 578, 586, n. 1 (Tex.Cr.App.1984) (Opinion concurring).

"Thus, the validity of the premise of appellant's argument—that the trial court's failure to admonish him in accordance with *Geeslin,* supra, violates *Faretta*—is doubtful." [5]

*Martin* supposedly would distinguish the requisites for a "pure" waiver of counsel, the inquiry into age, background, experience, etc., from what is required to show "relinquishment of benefits associated with the right to counsel" which *Martin* would say necessarily accompanies the *knowing* exercise of the right of self-representation contemplated by *Faretta.* *Martin* would discourage any inquiry into age, etc.

*Martin* thus would hold that a waiver of counsel is not essential to the *knowing* exercise of the right to self-representation and that something less—a "relinquishment of benefits associated with the right to counsel" is all that is required.[6] No explanation is ever made as to the procedure to be utilized when a defendant, permitted to represent himself under the *Martin* theory, stops in mid-trial and demands counsel, the right to which he claims he never affirmatively waived, and the record shows no valid waiver of counsel because of the lack of proper focus thereon, or inquires into traditional requisites of such waiver. See *Wilks v. Israel,* supra [627 F.2d 32 (7th Cir.1980) ]; *Richardson v. Lucas,* 741 F.2d 753 (5th Cir.1984). See and cf. *United States v. Hafen,* 726 F.2d 21, 25 (1st Cir.1984), cert. den. 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984); *Fillippini v. Ristaino,* 585 F.2d 1163, 1196 (1st Cir.1978); *Maynard v. Meachum,* 545 F.2d 273 (1st Cir.1976). These cases illustrate the potential hazards inherent in allowing the accused to represent himself without an unequivocal waiver of his right to counsel, particularly where there is no standby counsel.

---

5. Said footnote #1 of *Lambrecht* accused *Barbour, Goodman* and *Geeslin* of misreading *Faretta,* and with its obsession that inquiries into matters traditionally associated with the waiver of the right of counsel need not be inquired into by the trial court sought to undermine these cases. *Barbour* and *Goodman* do not even deal with the proposition for which *Lambrecht* seeks to undermine. *Geeslin* uses the word "must" but does not speak in terms of a litany or "requisites." The basis for the *Geeslin* language has been discussed herein, supra.

6. The Reader's Digest Great Encyclopedic Dictionary (including Funk and Wagnalls Standard College Dictionary) (1966), defines "forgo" at p. 523 as "1. to give up," and defines "relinquish" at p. 1136 as "1. to give up; abandon; surrender," [Accord: Black's Law Dictionary, Deluxe Fourth Ed. at p. 1456.] and the same authority defines "waiver" at p. 1507 as "The voluntary relinquishment of a right, privilege, or advantage." [Accord: Black's Law Dictionary, Deluxe Fourth Ed. at p. 1751.]

As seen, the thrust of *Martin* and its progeny seems to be the contention that *Faretta's* knowing and intelligent standard required solely to the assertion of the pro se defense and not necessarily to a waiver of counsel because the Court found the right of self-representation to be independent of the right to counsel clause of the Sixth Amendment. See now, however, *McKaskle v. Wiggins*, supra, 465 U.S. at 172, 104 S.Ct. at 947, decided after *Martin*, interpreting *Faretta* to apply the knowing and intelligent standard to the waiver of counsel.

The United States Supreme Court teaches a waiver of right of counsel is valid only if it is voluntarily and understandingly made. *Johnson v. Zerbst*, supra; *Patterson v. Illinois*, — U.S. ——, 108 S.Ct. 2389, at 2395, 101 L.Ed.2d 261 (1988), but such waiver can be inferred from the actions and words of the accused based on the particular circumstances of the case, including the background, experience and conduct of the accused. *North Carolina v. Butler*, 441 U.S. 369, 374–75, 99 S.Ct. 1755, 1758, 60 L.Ed.2d 286, 293 (1979).

As earlier observed in *United States v. Martin*, supra, the Fifth Circuit Court of Appeals wrote:

"Following *Faretta's* progeny and related cases, we underscored various factors which *are* to be weighed in this process: The Court must consider the defendant's age and education, *Mixon v. United States*, 608 F.2d 588 (5th Cir. 1979), and other background, experience, and conduct. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Middlebrook v. United States*, 457 F.2d 657 (5th Cir.1972)." (Emphasis supplied.) See also *Ford v. Wainwright*, 526 F.2d 919, 922 (5th Cir.1976).

Inherent in protective restrictions imposed on exercise of the right of self-representation is the fact that the court must assure itself that the defendant is competent to waive counsel. *Roose v. State*, 753 P.2d 574 (Wyo.1988). Criteria considered in making decisions as to whether the defendant has requisite capacity to make an intelligent and knowing waiver of the right to counsel include the defendant's age, level of education, mental capacity and prior involvement, if any, in legal proceedings. *People v. Davis*, 169 Ill.App.3d 1, 119 Ill. Dec. 697, 701, 523 N.E.2d 165, 169 (Ill. App.2 Dist.1988) Whether there has been intelligent waiver of counsel is an ad hoc determination that depends on the particular facts and circumstances of the case, including the background, experience and conduct of the accused. *State v. Smith*, 50 Wash.App. 524, 749 P.2d 202 (1988). See also *Hardwick v. State*, 521 So.2d 1071 (Fla.1988).

Part of the difficulty in applying Texas decisional law in cases where the right of self-representation is asserted is that such law has now become complicated and confused. While *Martin* is claimed to have "modified" all prior decisions of this Court (Clinton, J., concurring, *Blankenship*, supra, at 586), *Martin* itself has since been sub silentio undermined and modified. Later cases have returned to the earlier and more uniform interpretation of *Faretta* so that when the defendant has clearly asserted his right to proceed pro se "then the record must show that he (defendant) knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation." *Funderburg v. State*, 717 S.W.2d 637, 641–642 (Tex.Cr.App.1986). See also *Neal v. State*, 689 S.W.2d 420 (Tex.Cr.App.1984); *Burton v. State*, 634 S.W.2d 692 (Tex.Cr.App.1982). Cf. *Powell v. State*, 632 S.W.2d 354 (Tex.Cr.App.1982). See now also *McKaskle v. Wiggins*, supra.

To add to the complexity is a new statute, Article 1.051, V.A.C.C.P. (added by Acts 1987, 70th Leg., ch. 979, § 1, eff. Sept. 1, 1987). Although not applicable to the instant case, § (g) of Article 1.051, supra, provides:

"If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntary and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which, if

signed by the defendant, shall be filed with and become part of the record of the proceedings:

" 'I have been advised this ___ day of _____, 19__, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant).' "

While *Martin* holds that something less than a waiver of counsel is constitutionally required, the statute now requires such a waiver although the suggested form is rather conclusory in nature.[7] Whatever interpretation is to be given *Faretta*, a waiver of counsel is now constitutionally or statutorily required or required by both before a defendant is permitted to proceed pro se after asserting the right of self-representation.

To say the least our case law and new developments are sending mixed signals to the Texas bench and bar who only want consistent guidelines. For all the reasons discussed above I would overrule *Martin* and adhere to *Funderburg*, supra (Campbell, J.).

The theme of *Martin*, badly eroded, is carried forward, however, in today's majority opinion. While the appellants' particular complaint is that the trial court did not adequately question and warn them about their Sixth Amendment right to counsel, the majority generally assesses the record to determine merely that appellants knowingly asserted their rights to defend themselves.

While I do not agree with *Martin's* interpretation of *Faretta*, I would affirm the judgment of the Court of Appeals on a different basis.

In the instant case just prior to the voir dire examination of the jury panel and the day before the trial on the merits, the trial court was first informed of appellants' desire to proceed pro se by their retained counsel. He reported that he had been "fired" because he would not follow their instructions to do things he considered unethical. Counsel was prepared for trial and he volunteered to "sit with" the appellants "to protect their procedural rights." The Court then inquired of the appellants and they indicated they wanted to proceed pro se. After admonishments the court informed appellants that it was going to require their counsel to be present, to consult with them, to lend assistance and give advice, and to assist in jury selection. Since they were free on bond he gave them until the next morning to secure other counsel, if desired. The next morning the appellants agreed to proceed with the hybrid representation outlined by the court.

During the trial which followed, Attorney Hargrove, who had conducted the voir dire examination, objected to the introduction of certain evidence by the State, cross-examined the State's witnesses, handled all of the bench conferences, and made various objections, examined the charge for the appellants, and moved to poll the jury after the verdicts at the guilt stage of the trial. He completely conducted the penalty stage of the trial for the appellants and made the jury argument at such proceedings. The record does not reflect what private consultations may have taken place between Attorney Hargrove and the appellants during the course of the trial, but Hargrove was present at all times.

Putting aside, under the circumstances, any question about the timeliness of appellants' request for self-representation or whether they unequivocally asserted their right to proceed pro se, we observe that appellants made no objections at trial or now either that counsel was forced upon

---

7. Those who use the suggested form will certainly want to flesh it out so as to show an affirmative waiver of counsel.

them or that they were not voluntarily allowed to proceed pro se. Further, they do not claim they were not allowed to preserve actual control over the case presented to the jury. They accepted the hybrid representation permitted by the trial court and complain now only that the trial court did not adequately question and warn them about their Sixth Amendment right to counsel.

A defendant is not entitled to hybrid representation. *Landers v. State,* 550 S.W.2d 272 (Tex.Cr.App.1977); *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App.1981). See also *United States v. Daniels,* 572 F.2d 535 (5th Cir.1978). However, a patient trial judge may allow both counsel and the accused to jointly participate in the case. *Webb v. State,* 533 S.W.2d 780, 784 (Tex.Cr. App.1976). And where a defendant was permitted hybrid representation, failure of the trial court to give the admonishments to be accorded a pro se defendant was not error. *Phillips v. State,* 604 S.W.2d 904, 908 (Tex.Cr.App.1979). And in *Maddox v. State,* 613 S.W.2d 275, 286 (Tex.Cr.App. 1981) (Opinion on State's Motion for Rehearing), it was held that where the trial court permitted hybrid representation no question of waiver of counsel was involved, and the trial court did not err in failing to admonish the defendant as to the dangers dangers and disadvantages of self-representation. See also *Hawkins v. State,* 628 S.W.2d 71, 76 (Tex.Cr.App.1982); *Helton v. State,* 670 S.W.2d 644, 645 (Tex.Cr.App. 1984); *Rainwater v. State,* 634 S.W.2d 67, 68 (Tex.App.–Ft. Worth 1982); *Garza v. State,* 635 S.W.2d 644 (Tex.App.–Amarillo 1982), review ref'd.

In *State v. O'Connell,* 147 Vt. 60, 510 A.2d 167 (1986), it was held that the trial court's failure to inquire into the defendant's decision to proceed pro se was excusable where the defendant's counsel remained to aid the defendant throughout proceedings and where the defendant did not claim that he was forced to proceed pro se or that the decision to do so was not voluntary. See and cf. *King v. State,* 631 S.W.2d 486 (Tex.Cr.App.1982), cert. den. 459 U.S. 928, 103 S.Ct. 238, 74 L.Ed.2d 188.

I would find no merit in appellant's contention that he was not duly questioned and warned about his federal constitutional right to counsel in light of the hybrid representation permitted by the patient trial judge. Thus, it is not necessary to consider further, given the circumstances of the instant case, whether the appellants did not in fact waive their right to self-representation once it has been asserted. *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122; *Brown v. Wainwright,* 665 F.2d 607, 610–611 (5th Cir.1982); *United States v. Lorick,* 753 F.2d 1295, 1298 (4th Cir.1985), cert. den. 471 U.S. 1107, 105 S.Ct. 2342, 85 L.Ed.2d 857 (1985); *Johnson v. McCotter,* 803 F.2d 830, 833–834 (5th Cir. 1986); *Funderburg v. State,* 717 S.W.2d 637, 641–642 (Tex.Cr.App.1986) (Campbell, J.)

With these remarks, I concur in the result reached and would affirm the judgment of the Court of Appeals affirming his convictions.

DAVIS and CAMPBELL, JJ., join this opinion.

TEAGUE, Judge, dissenting.

The majority opinion concludes from the record that (1) the record affirmatively establishes that the appellants were properly admonished of the dangers and disadvantages of self-representation, and (2) they knowingly and intelligently waived their Sixth Amendment right to counsel. Because I do not believe the record on appeal supports the majority's conclusions, I respectfully dissent.

It is true, when it comes to the trial court ascertaining whether the accused knowingly and intelligently waived his Sixth Amendment right to counsel, that *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), does not require a trial judge to literally cover the waterfront with the accused when he admonishes him about the dangers and disadvantages of self-representation. Thus, the trial judge need not commence from the day the accused was born and thereafter cover every conceivable legal question that might arise during the trial of the case. However,

because each case must be decided on its own merits, just what minimum admonishments must be made by the trial judge cannot be formulated in such a manner so as to cover all situations.

A careful reading of the pertinent portions of the record in this cause, which concern the trial judge admonishing appellants of the dangers and disadvantages of self-representation, reflects only the following: he ascertained that they knew what offense they were charged with committing; that they knew what punishment they faced in the event they were found guilty; informed them that "[t]he jury selection requires the questioning of a jury panel to determine whether or not there can be a fair and impartial jury"; and informed them that they could ask the prospective jurors questions. He specifically asked appellant Stapp the following question: "Do you think you can conduct the cross examination of the witnesses on your case?", and received an affirmative reply. In my view, the above is insufficient to adequately establish that the appellants were properly admonished of the dangers and disadvantages of self-representation. I dissent to the majority opinion holding to the contrary.

Furthermore, when a trial judge, as here, makes such statements as the following to an accused, namely, "I will insist that Counsel, [who had just been fired by appellants], be present to assist with you. Do you understand?"; "Now I'm going to require that [counsel] be present, and I'm going to require that he lend you assistance, advisory, and that he also assist in the jury selection."; "but I think [counsel] should voir dire the jury for you"; "but I'm going to have [counsel] be present throughout this trial ...," and the like, any acquiescence from the accused in the form of saying "Yes, sir" to the trial judge, as occurred here, only reflects the exhibition and display of respectful conduct toward an authoritative figure who has just exclaimed for the world to hear what he intended to do, and is not acquiescent to an "arrangement" that counsel would always be present "in an advisory capacity," as the majority opinion declares. In this instance,

appellant's assent to what the trial judge stated most certainly does not reflect the affirmative fact that counsel was accepted by the appellants with outstretched arms, as the majority opinion implies took place.

Because the constitutional rights of the appellants were violated by the trial court, the convictions should be reversed and not affirmed.