In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00410-CR

IN RE PHILLIP JEROME SIMMONS

Original Proceeding
75th District Court of Liberty County, Texas
Trial Cause No. CR35130

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Phillip Jerome Simmons complains that the trial court has failed to rule on several motions Simmons filed on a *pro se* basis in a criminal case. In the petition, Simmons represents he has the benefit of trial counsel in Trial Cause Number CR35130, which is the case where he filed the motions that he is complaining the trial court has not ruled on or conducted hearings on here.

According to Simmons, he filed a *pro se* motion but wants to both have an attorney while also representing himself in the motions at issue here. For three

reasons, we conclude his petition should be dismissed. First, Simmons has not claimed or established that the Sixth Amendment provides him with the right to hybrid representation.[1] Second, the Court of Criminal Appeals has held defendants have no right to hybrid representation. For that reason, he has not shown an abuse of discretion occurred based on his claim the trial court has not ruled on his *pro se* motions in Trial Cause Number CR35130.[2] Third, Simmons has not shown that a regular appeal would be inadequate to remedy all complaints that have any arguable merit under the law.[3] We conclude that Simmons has not shown he is entitled to a ruling granting his petition.[4]

Accordingly, the petition is denied.[5]

PETITION DENIED.

PER CURIAM

Submitted on January 11, 2022
Opinion Delivered January 12, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[1]*See Faretta v. California*, 422 U.S. 806, 835 (1975); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation[.]").

[2]*Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

[3]*See, e.g., Johnson v. State*, 760 S.W.2d 277, 278-79 (Tex. Crim. App. 1988) (considering appellate challenge to the denial of the right of self-representation at trial).

[4]*See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (the merits of the relief sought in a mandamus petition must be beyond dispute).

[5]Tex. R. App. P. 52.8(d).