JOSEPH VAN HODGE V. THE STATE.

No. 23179. Delivered November 7, 1945.
Rehearing Denied December 12, 1945.
Appellant's Request for Leave to File Second Motion for
Rehearing Denied (Without Written Opinion)
January 2, 1946.

The opinion states the case.

*W. W. Holland, Jr.,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was given the death penalty for murder and brings this appeal.

The sufficiency of the evidence in the case to warrant the jury's verdict is not disputed. According to the state's theory, the appellant, a young negro, had robbed an old man of his race, taking the sum of Sixty Dollars, and later stabbed him fatally in the streets of Houston at a late hour in the night for the purpose of preventing the deceased from prosecuting him on a robbery charge. There were a few people on the street who saw the things that took place, among them being two policemen who were cruising in that vicinity. The appellant escaped but was later arrested and identified. His plea was that of self-defense. This was submitted to the jury who evidently did not believe his story which was contradicted by all of the witnesses testifying on the subject. It appears that the state's case was hotly contested, yet no bills of exception are brought forward for the purpose of reviewing any incident of the trial.

A brief has been filed in this court and oral argument made upon the submission of the case contending that the act creating the court trying the case is unconstitutional and void. This is based on the contention that the legislature creating the court was not properly organized in that the members of that legislature did not take the oath prescribed by the Constitution of the United States and by the act of congress, as found in Title 5, Section 16, United States Code, Annotated. No evidence was introduced on this subject upon the trial.

Whether the Fortieth Legislature of the State of Texas took the oath as prescribed by the Constitution of the State of Texas and in compliance with the Constitution and laws of the United States is a question of fact which we do not have before us.

It would appear to be sufficient to rest the disposition of this case with the foregoing statement. However, to do so might leave doubt as to our view on an important question. It is not believed that this doubt should exist. For that reason we have examined the authorities submitted to us and feel that a brief summary of our conclusion should be given.

The constitutional oath required for members of the state legislature at the time of the passage of the act creating the court which tried appellant was to the effect that the party taking it would faithfully and impartially discharge and perform all of the duties "agreeably to the Constitution and laws of the United States, and of this State." (Article 16, Sec. 1, Texas Constitution.)

Section 3 of Article 6, of the Constitution of the United States, says "The senators and representatives before mentioned, and the members of the several state legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation to support this constitution * * *." In pursuance to the above provision of the Constitution of the United States, the congress at its first session, in Statute 1, Section 1, prescribed the form of oath as follows: "I, A. B., do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States." This is the substance of the oath required for all parties mentioned in the Sixth Article of the Constitution of the United States. This definitely relates to the legislators of the several states, as well as all executive and judicial officers thereof.

Subsequently, congress has enacted Section 16, Title 5, of the United States Code, Annotated, which provides a form of oath to be taken by any person elected or appointed to any office of honor or profit, either in civil, military, or naval service, except the President of the United States. It is the contention, in this appeal, that such prescribed oath must be taken by the members of the legislatures, and all executive and judicial officers of the several states. It is the further contention that the legislature of Texas had failed to take the oath, as thus prescribed, and that such failure renders void the law creating the court in question.

It is our conclusion that the prescribed oath, which congress has given for all elected or appointed officers in the "civil, military or naval service * * * of the United States," except the President, has no application whatsoever to the officers of the states, or any subdivision thereof. We find no basis for the contention that this act applies to the states, and consequently, no consideration need be given to the further contention that it is mandatory.

From no standpoint do we find merit in the contention that the act creating Criminal District Court No. 2, Harris County, the court which tried appellant, was void.

We have carefully examined the record and it affirmatively appears that appellant was given a fair trial by a jury whose verdict is supported by the evidence.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion for a rehearing differs in its reasoning with our original opinion herein, and additionally suggests that the judges constituting the Court of Criminal Appeals have failed to take the oath of office found set forth in Title 5, Section 16 of the U. S. Code Annotated. He therefore requests that we enter our disqualification to the Governor of the State in order that such Governor may appoint a special court to pass upon the review of this cause. He offers no proof thereof, but merely makes the statement relative to such disqualification.

If such alleged disqualification were to be held merely because members of this court had failed to take the oath pre-

scribed in Title 5, Section 16, U. S. C. A., the Governor of the State, as well as the Lieutenant Governor, would be found in the same condition as the members of this court, and we would be left without any appointing power. If appellant's main contention should be upheld, the laws, both civil and criminal, passed since the year 1884 to 1938 would become inoperative, if it be shown that the different legislatures had failed to take the oath as prescribed in Title 5, Section. 16, U. S. C. A. The penitentiary would be practically emptied and a paralysis of civil government would ensue. All offices would be vacated, and no power be found for filling the same, either by election or appointment, all laws relating thereto having been passed by a disqualified legislature.

In the first place, we are offered no opportunity to know what oath was taken by the members of the .40th Legislature, it being the creator of the court trying appellant. We are referred to the office of the Secretary of State whose duty it is under the law to administer the oath to the incoming legislature. It is a matter of common knowledge that these legislators are sworn in a body, the oath being oral only, and no record kept in the office of the Secretary of State. We are not furnished with any proof relative to what that oath consisted of nor referred to any state archive where such can be found. However, we do find in the House Journal of the 40th Legislature, page 4, a record that the Clerk of the House administered the following oath to the members of the Legislature then present:

"I do solemnly swear (or affirm) that I will faithfully and impartially discharge and perform all the duties incumbent upon me as a member of the House of Representatives of the 40th Legislature according to the best of my skill and ability, agreeably to the Constitution and laws of the United States and of this State, * * *" and here follows the portion relative to dueling, etc.

This legislature was the one that established the court before which appellant was tried.

We are cited to the case of Taylor v. Thomas, 22 Wallace, 479, 22 L. Ed. 789, as authority for the holding that a failure to take the oath as prescribed by Title 5, Section 16, U. S. C. A., would vitiate any act of the legislature operating thereunder. We do not agree that such is the effect of that holding. Instead, it is merely held therein that during the Civil War of the 1860s, the Legislature of Mississippi, after the adoption of the ordinance

of secession from the United States Government, issued certain treasury notes to be used in aid of what was called the "rebellion," and that said notes were therefore void and invalid, and because under the Federal Constitution, Art. 1, Sec. 10, the different states were prohibited to "emit Bills of Credit" which Mississippi had attempted to do by means of its treasury notes, and further that said notes, being issued and used for the purpose of aiding the "rebellion" of the state against the United States, they were invalid and void. However, it is further held, as was said in Horn v. Lockhart, 17 Wallace 570 (580) ; 84 U. S. 570, 581 :

"Order was to be preserved, police regulations maintained, crime prosecuted, property protected, contracts enforced, marriages celebrated, estates settled, and the transfer and descent of property regulated precisely as in time of peace. No one that we are aware of seriously questions the validity of judicial or legislative acts in the insurrectionary States touching these and kindred subjects, where they were not hostile in their purpose or mode of enforcement to the authority of the National government, and did not impair the rights of citizens under the Constitution." (See Taylor v. Thomas, 22 L. Ed. 793).

From the above synopsis it will be seen that the acts of not only the judiciary but also those of the legislatures of the seceded states received sanction by the U. S. Supreme Court, unless same were in aid of the "rebellion." It surely will not be contended that such seceded legislators took an oath to support the Constitution of the United States, since they had theretofore solemnly repudiated the same and declared their non-allegiance therto.

The oath taken by the members of the 40th Legisiature, who passed the statute establishing the court in which appellant was convicted reads in part as follows:

" * * * According to the best of my skill and ability, agreeably to the Constitution and laws of the United States and this State."

Since the adoption of the amendment of November 8, 1938, said portion of the official oath reads:

" * * * And will to the best of my ability, preserve, protect and defend the Constitution and laws of the United States and of this State."

Either one of the above undertakings found in such oaths seems to us to be in substance an obligation to *"support* the Constitution of the United States."

Relative to the disqualification of the members of this court, the law provides that each member thereof be elected for a term of six years; that they shall qualify on a certain date by taking the oath; and a simple arithmetical exercise will show that each such member has been elected and qualified since the adoption of the amended oath which binds them to "the best of my ability, (to) preserve, protect and defend the Constitution and laws of the United States and of this State."

We are impressed with the fact that such an oath in substance undertakes to bind us to *support* the Constitution of the United States.

We are constrained to adhere to our original opinion herein, and the motion will therefore be overruled.