TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00240-CR







Carolyn Carney, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-198, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 Appellant Carolyn Carney was convicted by a jury of the offense of aggravated
assault on a public servant. See Tex. Penal Code Ann. § 22.02(a)(2), (b)(2) (West 1994). The
jury assessed appellant's punishment at imprisonment for ten years and assessed a fine of $10,000. 
On appeal appellant asserts that the trial court erred in allowing her to represent herself without
properly admonishing her and in overruling a motion for mistrial. Appellant also contends that
the indictment was not valid and that she was prosecuted because of her political beliefs. We will
overrule appellant's points of error and affirm the trial court's judgment.

 A Travis County district court judge issued a writ of attachment for appellant. 
When law enforcement officers attempted to serve the writ at appellant's home in Comal County,
appellant's husband told the officers that appellant was not at home. The officers, having reason
to believe that appellant was hiding in the house, obtained a search warrant authorizing them to
enter the house to serve the writ of attachment. In their search, officers opened a closet door in
an upstairs bedroom. Appellant, who was in the closet, pointed a loaded handgun at one of the
officers. This resulted in appellant being charged with aggravated assault on a public servant. 
Appellant represented herself in pretrial matters and in the trial. An attorney volunteered and was
allowed by appellant and the trial court to make the closing argument for appellant. Counsel
represented appellant on the hearing of the motion for new trial, and appellant is represented by 
counsel on appeal.

 In her first point of error, appellant contends that: "The trial court erred when it
did not properly admonish appellant about the pro se representation, and the error was not
harmless." Appellant presents a narrow issue. She makes no contention that she was denied the
assistance of counsel. Her limited contention is that the trial court "did not properly admonish
[her] about pro se representation." "When a defendant asserts his pro se rights, analysis must
center not on a traditional waiver of counsel analysis, but on whether the defendant is aware of
the dangers and disadvantages of self-representation." Johnson v. State, 760 S.W.2d 277, 278
(Tex. Crim. App. 1988).


 [T]he competence that is required of a defendant seeking to waive his right
to counsel is the competence to waive the right, not the competence to represent
himself. In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562
(1975), we held that a defendant choosing self-representation must do so
"competently and intelligently," id., at 835, 95 S.Ct., at 2541, but we made it
clear that the defendant's "technical legal knowledge" is "not relevant" to the
determination whether he is competent to waive his right to counsel, id., at 836,
95 S. Ct., at 2541, and we emphasized that although the defendant "may conduct
his own defense ultimately to his own detriment, his choice must be honored," id.,
at 834, 95 S.Ct., at 2541. Thus, while "[i]t is undeniable that in most criminal
prosecutions defendants could better defend with counsel's guidance than by their
own unskilled efforts," ibid., a criminal defendant's ability to represent himself has
no bearing upon his competence to choose self-representation.



Godinez v. Moran, 509 U.S. 389, 399-400 (1993). A defendant's decision to represent herself
must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. See Collier
v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). "In order competently and intelligently
to invoke his sixth amendment right to represent himself an accused 'should be made aware of the
dangers and disadvantages of self-representation, so that the record will establish that "he knows
what he is doing and his choice is made with eyes open."'" Scarbrough v. State, 777 S.W.2d 83,
92 (Tex. Crim. App. 1989) (quoting Faretta v. California, 422 U.S. at 835). While the choice
of self-representation must be knowingly and intelligently made, it need not be wise. Indeed an
accused must be permitted to conduct his own defense, even to his detriment, if it is an informed
decision. Id. at 92.

 On September 9 and September 16, 1997, appellant appeared in court without
counsel and urged that the trial judge recuse himself because she had a lawsuit pending against
a number of people including the trial judge. Although no reporter's record of the hearing is
presented on appeal, a docket entry shows that appellant's motion asking recusal of the trial judge
was heard and denied by B.B. Shraub, judge presiding. On October 7, 1997, appellant appeared
in court for her arraignment. After appellant was arraigned the following colloquy occurred:


THE COURT: At this time, a plea of not guilty will be entered for you. You can
change that plea at any time that you want to.


MRS. CARNEY: You do --


THE COURT: I do suggest that you hire an attorney. If you cannot afford an
attorney, you need to fill out some papers to show that you cannot afford an
attorney. If you cannot afford an attorney, I will appoint one to represent you and
it will not cost you anything.


 But this case will be reset for future pretrials. And if you do not have an
attorney at that time, you wish to not have an attorney and proceed by yourself, I
will have some other instructions at that time; but I strongly advise you to get an
attorney.



 On November 3, 1997, appellant's case was called for a pretrial hearing. The trial
court again admonished appellant:


THE COURT: Ms. Carney, this is a first degree felony offense. The range of
punishment is not less than five nor more than 99 years or life in the penitentiary.


 Now, I understand that you think that this is not fair and -- but the problem
is other people have thought that, too, and they get sentenced to the penitentiary. 
And -- and you might have your beliefs and that's just fine, but I do want you to
understand there's a possibility you could go to the penitentiary for 99 years or
life, even though you don't think it's fair.


 And my advice to you is to either hire an attorney or have one appointed
to you, but you have the absolute right to defend yourself, if you want to; but, in
my opinion, that's a mistake.


MRS. CARNEY: Is that legal advice, sir?


THE COURT: What?


MRS. CARNEY: Is that legal advice?


THE COURT: I don't know what it is. It's my opinion that you ought to have an
attorney to tell you what you ought to do and not just defend yourself, and I think
it's a big mistake to do that.


 Have you had any trial experience?


MRS. CARNEY: No, sir.


THE COURT: You haven't? You don't know the Rules of Evidence?


MRS. CARNEY: Just what I've read in the --


THE COURT: What you've read?


MRS. CARNEY: Yes, sir.


THE COURT: Okay. But nobody's pressured you into not having an attorney or
in defending yourself? Nobody's forced you to do that, have they?


MRS. CARNEY: No, sir.


THE COURT: All right.


 You can withdraw this right at any time you want to. Anytime during the
proceedings, you can change your mind and have an attorney. And your attorney
has 10 days to prepare after your attorney's appointed or after you hire one. 


 Now, an attorney could be appointed to stand by and give you advice and
you could still represent yourself, if you cannot afford one; but you would have to
make all the decisions and the attorney could not ask questions or speak for you. 
Okay. You want to represent yourself; is that right?


MRS. CARNEY: At this time, sir.


THE COURT: Okay.


MRS. CARNEY: I am myself.


THE COURT: Okay. You can change your mind anytime you want to.



 On November 13, 1997, in another pretrial hearing appellant presented a motion
in the nature of a motion to quash the indictment on grounds that the attorney who presented her
case to the grand jury had not filed an oath of office. Appellant argued her motion, and it was
overruled. The court set the case for trial on January 12, 1998. The trial commenced on January
12 and continued through January 14, 1998.

 Appellant testified on the motion for new trial that although it would have been
difficult for her to employ an attorney, she was not indigent. The record shows that the trial court
warned appellant of the dangers and disadvantages of self-representation on several occasions. 
The trial court urged appellant to obtain counsel, offered to appoint counsel if she were indigent,
and offered to appoint stand-by counsel to advise and assist appellant in her defense. When
appellant insisted on self-representation, the trial court had no option but to allow her to exercise
her constitutional right to self-representation. See Johnson, 760 S.W.2d at 278-79; Martin v.
State, 630 S.W.2d 952, 953-56 (Tex. Crim. App. 1982). The record shows that appellant
voluntarily made an informed decision and was determined to represent herself in the trial of this
case. Appellant was adequately admonished on the dangers and disadvantages of self-representation. On appeal appellant presents an extensive list of alleged mistakes that she says
demonstrates the harm of her self-representation. Appellant's ability to represent herself has no
bearing upon her competence to choose self-representation and is, of course, irrelevant to the issue
presented. Appellant's first point of error is overruled.

 In her third point of error, appellant contends that the trial court erred in overruling
her motion for a mistrial when the prosecutor commented on the right to testify or not testify. In
presenting her defense, appellant offered the testimony of the attorney who in a limited way
represented and assisted her in her Travis County law suit. That was the case in which the writ
of attachment was issued. On appellant's direct examination of the witness the record shows:


Q: [By MRS. CARNEY] Are you aware of our challenge of jurisdiction of this
case?


A: Which case, Mrs. Carney?


Q: Of this case, Exhibit -- State Exhibit Number 1, that Mister -- the one that --
the Republic-of-Texas case, Exhibit 1, are you aware of our jurisdictional
challenge?


A: Yes, I'm aware that you have made a jurisdictional challenge -- continuously
a jurisdictional objection or challenge to the Court's jurisdiction. Nevertheless,
you have, since I've been on the case, complied to the best of my knowledge
with the Court's directions and requirements. And you continue also to
maintain your jurisdictional objection.


Q: Mr. Waldrip asked you if you knew who I supported. Is it your opinion that
I support the Republic of Texas --


 MR. WALDRIP: Your Honor, I'm going to object. It's, again, a very leading
question. If she wants to testify, she can take an oath and trot right up there
to that stand.


THE COURT: Sustain the objection.


MRS. CARNEY: I'll pass the witness.



 Appellant later in the trial made an untimely motion for mistrial. The State urges
that the motion for mistrial was too late to preserve the alleged error for appellate review. We
agree. Nevertheless the prosecutor's comment was improper when made. See Tex. Code Crim.
Proc. Ann. art. 38.08 (West 1979). However, this point of error is without merit because later
in the trial appellant testified in her own defense which rendered harmless the prosecutor's
comment. See Allen v. State, 536 S.W.2d 364, 367 (Tex. Crim. App. 1976). Appellant does not
contend that the prosecutor's comment caused her to testify in her own defense, and the record
would not support such a contention. See id. Appellant's third point of error is overruled.

 In her second point of error, appellant contends that the indictment with which she
was charged was invalid because the district attorney who presented her case to the grand jury did
not at that time have his official oath of office on file as required by the Texas Constitution. (1) 

 Article XVI of the Texas Constitution provides:

§ 1. Official Oath 


 Sec. 1. (a) Members of the Legislature, and all other elected officers, . . .


* * *



 (b) Each member of the Legislature and all other elected officers, . . .


* * *



 (c) The Secretary of State, and all other appointed officers, before entering
upon the duties of their offices, shall take the following Oath or Affirmation:


 I, ______________, do solemnly swear (or affirm),that I will
faithfully execute the duties of the office of ________________ of
the State of Texas, and will to the best of my ability preserve,
protect, and defend the Constitution and laws of the United States
and of this State, so help me God.


 (d) The Secretary of State, and all other appointed officers, before taking
the Oath or Affirmation of office prescribed by this section and entering upon the
duties of office, shall subscribe to the following statement:


 I, ______________, do solemnly swear (or affirm) that I have not directly
or indirectly paid, offered, or promised to pay, contributed, or promised
to contribute any money, or valuable thing, or promised any public office
or employment, as a reward to secure my appointment or confirmation
thereof, so help me God.


 (e) Members of the Legislature and all other elected officers shall . . .


* * *



 (f) The Secretary of State and all other appointed officers shall file the signed
statement required by Subsection (d) of this section with the Secretary of State
before taking the Oath or Affirmation of office prescribed by Subsection (c) of this
section.



Tex. Const. art. XVI, § 1.

 Although the constitution requires that an appointed official file a statement of
appointment in the Secretary of State's Office, the constitution does not require that the official
oath of office taken by an appointed official be in writing or that it be filed. Appellant's argument
that the requirement of an oath includes the filing of the oath appears to be without merit. See
Van Hodge v. State, 191 S.W.2d 24, 26 (Tex. Crim. App. 1945). In Van Hodge the court
observed that although the Secretary of State was required by law to administer the constitutional
oath to members of the legislature, "it is a matter of common knowledge that these legislators are
sworn in a body, the oath being oral only, and no record kept in the office of the Secretary of
State."

 The Government Code provides:


§ 41.103. Assistant Prosecuting Attorneys


 (a) An assistant prosecuting attorney must be licensed to practice law in this
state and shall take the constitutional oath of office.


 (b) An assistant prosecuting attorney may perform all duties imposed by law
on the prosecuting attorney.



Tex. Gov't Code Ann. § 41.103 (West 1988). This statute does not require that an assistant
district attorney's constitutional oath of office be in writing or that it be filed. (2) 

 There is nothing in the record to show that the assistant district attorney in this case
was acting without the consent of the district attorney. It has been held that any attorney without
taking the constitutional oath of office prescribed by Article XVI, Section 1, of the Texas
Constitution may with the district attorney's consent appear and assist in the prosecution of a
criminal case. Lopez v. State, 437 S.W.2d 268, 269 (Tex. Crim. App. 1969).

 Moreover, any credible person who has knowledge of facts relating to an indictable
offense may appear before a grand jury and provide the grand jury with evidence that may lead
to the return of an indictment. See Tex. Code Crim. Proc. Ann. arts. 20.011, 20.09 (West 1977
& Supp. 1999). The record does not show the assistant district attorney was not a credible
person. We conclude that the indictment was not invalid even though the assistant district attorney
who presented appellant's case to the grand jury did not have an oath of office on file at that time. 
Appellant's second point of error is overruled.

 In her fourth point of error, appellant asserts that: "The jury verdict is unreliable
because the State attempted to prosecute appellant as a member of a minority group." Appellant
argues that "[t]he State charged and tried appellant for assault on a public servant. The State also
tried appellant for her membership in an unpopular political faction. (3) Even when a citizen does
not want to be a citizen, she is still entitled to the protection of citizenship. Oddly enough,
proudly enough, it is the American way." The State responds that it is unable to understand
appellant's argument and that because it is inadequately briefed this point of error presents nothing
for review. Appellant's argument is brief and general in nature claiming this was a political
prosecution. Appellant does not contend in this point of error that inadmissible evidence was
admitted. We conclude that this point of error is without merit, and it is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: September 23, 1999

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998). 
1. The assistant district attorney testified on the motion for new trial that he had taken the
oath of office as an assistant district attorney in Brazos, Gregg, and Guadalupe Counties where
he had served prior to coming to Comal County. "And then directly from Guadalupe County, I
came to work here for Comal County and ultimately took the office--oath of office in connection
with my service here in Comal County."
2. A statute does require that an assistant county attorney file his or her oath of office in
the county clerk's office. See Tex. Gov't Code Ann. § 45.002 (West 1988).
3. Appellant was active in the organization known as the Republic of Texas.



 An assistant prosecuting attorney may perform all duties imposed by law
on the prosecuting attorney.



Tex. Gov't Code Ann. § 41.103 (West 1988). This statute does not require that an assistant
district attorney's constitutional oath of office be in writing or that it be filed. (2) 

 There is nothing in the record to show that the assistant district attorney in this case
was acting without the consent of the district attorney. It has been held that any attorney without
taking the constitutional oath of office prescribed by Article XVI, Section 1, of the Texas
Constitution may with the district attorney's consent appear and assist in the prosecution of a
criminal case. Lopez v. State, 437 S.W.2d 268, 269 (Tex. Crim. App. 1969).

 Moreover, any credible person who has knowledge of facts relating to an indictable
offense may appear before a grand jury and provide the grand jury with evidence that may lead
to the return of an indictment. See Tex. Code Crim. Proc. Ann. arts. 20.011, 20.09 (West 1977
& Supp. 1999). The record does not show the assistant district attorney was not a credible
person. We conclude that the indictment was not invalid even though the assistant district attorney
who presented appellant's case to the grand jury did not have an oath of office on file at that time. 
Appellant's second point of error is overruled.

 In her fourth point of error, appellant asserts that: "The jury verdict is unreliable
because the State attempted to prosecute appellant as a member of a minority group." Appellant
argues that "[t]he State charged and tried appellant for assault on a public servant. The State also
tried appellant for her membership in an unpopular political faction. (3) Even when a citizen does
not want to be a citizen, she is still entitled to the protection of citizenship. Oddly enough,
proudly enough, it is the American way." The State responds that it is unable to understand
appellant's argument and that because it is inadequately briefed this point of error presents nothing
for review. Appellant's argument is brief and general in nature claiming this was a political
prosecution. Appellant does not contend in this point of error that inadmissible evidence was
admitted. We conclude that this point of error is without merit, and it is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*