IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1369-05






ELMER RAY ROBINSON, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FIRST COURT OF APPEALS

HARRIS COUNTY




 Keasler, J., filed a dissenting opinion in which Price and Hervey, JJ., joined.


D I S S E N T I N G O P I N I O N 



 I respectfully dissent. I would hold that Elmer Ray Robinson may appeal the trial
judge's decision to deny his pro se motion for a new trial. The trial judge clearly permitted
hybrid representation by considering and ultimately denying the motion; therefore, I disagree
with the majority's decision to remand this case to the court of appeals. 

 Although a criminal defendant has the right to the assistance of counsel and the right
to self-representation, (1) a criminal defendant does not have the right to hybrid representation. (2) 
We have recognized, however, that a trial judge, in exercising his or her discretion, may permit
hybrid representation. (3) But, because there is no right to hybrid representation, it has long been
established that a trial judge generally has no ministerial duty to rule on a pro se motion when
a defendant is represented by counsel. 

 The majority contends that two adverse presumptions of intent can be drawn from the
trial judge's decision to deny Robinson's motion for a new trial: first, that the judge intended
to rule on the merits of the motion after it was adopted by Robinson's attorney; second, that
the trial judge knew that she could "disregard" the motion, and she "intended to simply dispose
of [Robinson's] motion by 'denying' it." (4) I agree with the majority's conclusion that the record
does not support the first presumption of intent, but I disagree with the majority about the
second presumption of intent. Because the trial judge had no ministerial duty to rule on the
motion, she had no need to "dispose" of the motion or explicitly deny hybrid representation.
Therefore, it is contradictory to presume, as the majority does, that the trial judge knew that
she was free to disregard the motion while also presuming that she disposed of the motion by
denying it. If we presume that the trial judge knew that she was free to disregard the motion,
which we should, then we should also presume that she considered and ruled on the merits of
the motion when she denied it. As the majority correctly recognizes, we normally construe
a denial as a ruling on the merits. (5) Under these circumstances, I do not think that we should
question what the trial judge meant when she circled "denied" and signed her name. By denying
Robinson's pro se motion, I believe that the trial judge issued a ruling on the merits, and by
ruling on the merits, the trial judge permitted hybrid representation. I would therefore reverse
the judgment of the court of appeals and hold that the trial judge's denial of Robinson's pro
se motion for a new trial is appealable.


DATE DELIVERED: November 21, 2007

PUBLISH 







1. Faretta v. California, 422 U.S. 806, 807, 818 (1975).
2. Landers v. State, 550 S.W.2d 272, 279 (Tex. Crim. App. 1977).
3. Johnson v. State, 760 S.W.2d 277, 291 (Tex. Crim. App. 1988) (stating, "'a
patient trial judge may allow both counsel and the accused to jointly participate in the
case.'") (quoting Webb v. State, 533 S.W.2d 780, 784 n.2 (Tex. Crim. App. 1976)); see
also McKaskle v. Wiggins, 465 U.S. 168, 178 (1984) (addressing the limitations on stand-by counsel).
4. Ante, slip op. at 5.
5. Ante, slip op. at 6.