NO. 07-08-0333-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 24, 2008

______________________________


IN RE BOBBY LEWAYNE THOMAS, RELATOR

_________________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
Â 
MEMORANDUM OPINION
Â 
Â Â Â Â Â Â Â Â Â Â Relator, Bobby Lewayne Thomas, filed his Application for Writ of Mandamus on
August 14, 2008, contending that the trial court failed to rule on his Motion for Requested
Documents. However, Thomas did not include in the appendix to his application a
âcertified or sworn copy of any order complained of, or any other document showing the
matter complained of.â Tex. R. App. P. 52.3(j)(A). Therefore, it is unknown whether the
trial court was aware of Thomasâs request. Additionally, Thomas did not pay the filing fee
required under Rule 5 of the Texas Rules of Appellate Procedure. By letter from this Court
dated August 18, 2008, we advised Thomas that the âfiling fee in the amount of $125.00
did not accompany the captioned original proceeding. Unless the filing fee is paid by
Thursday, August 28, 2008, this proceeding will be subject to dismissal.â Tex. R. App. P.
5. Thomas has not paid the fee as directed nor has he filed an affidavit of indigence. See
Tex. R. App. P. 20.1. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we deny Thomasâs petition. See In re Chavez, 62 S.W.3d 225
(Tex.App.âAmarillo 2001, orig. proceeding).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Justice



sing to declare a mistrial for prosecutorial misconduct, (2) appellant was denied
assistance of counsel because he was not properly admonished regarding his waiver of
counsel, (3) the trial court erred in allowing an unreliable in-court identification, and (4) the
evidence was legally and factually insufficient to support the conviction. We will address
appellant's issues in logical rather than sequential order.

Waiver of Right to Counsel

 By his second issue, appellant contends that he did not make a voluntary, knowing,
and intelligent waiver of his right to counsel. Appellant contends that, for his waiver of
counsel to have been knowing and intelligent, the trial court had to inform appellant of "the
total and complete ramifications that a conviction for indecent exposure could have on the
Appellant for the rest of his life." However, we conclude that appellant would impose a far
more onerous burden on the trial court than the already onerous burden required by law
for a valid waiver of counsel.

 The Sixth Amendment to the United States Constitution and Article 1, Section 10,
of the Texas Constitution provide that a defendant in a criminal trial has the right to
assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. 1, § 10. However, this
right to counsel may be waived and a defendant may choose to represent himself at trial. 
See Faretta v. Cal., 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although
the right to self-representation is absolute, a waiver of the right to counsel will not be lightly
inferred and we are to indulge every reasonable presumption against the validity of a
waiver. Manley v. State, 23 S.W.3d 172, 173 (Tex.App.-Waco 2000, pet. ref'd).

 For a waiver of counsel to be valid, it must (1) be an intelligent and knowing waiver,
and (2) the party waiving the right must be made aware of the dangers and disadvantages
of self-representation. Id. In assessing the validity of a waiver of counsel, 

the court must make an inquiry, evidenced by the record, which shows that
the defendant has sufficient intelligence to demonstrate a capacity to waive
his right to counsel and the ability to appreciate the practical disadvantage
he will confront in representing himself. The court must determine not only
that the defendant wishes to waive his right to counsel, but that he
understands the consequences of such waiver.


Id. at 173-74 (citations omitted). 

 In the present case, the record reflects that appellant's waiver of the right to counsel
was intelligently and knowingly made and that the trial court made appellant aware of the
dangers and disadvantages of self-representation. The trial court inquired into appellant's
intelligence to demonstrate capacity to waive his right to counsel. The record reflects that
appellant was 34 years old, had completed the course work for a doctorate degree in
mathematics, was able to read and write the English language, and had previously
represented himself in a civil eviction action. The trial court informed appellant that he had
a right to counsel and that, if he could not afford an attorney, one would be appointed to
him. The trial court also informed appellant of the charges against him, the possible
maximum sentence that could be imposed, and the court discussed some of the ways that
a sentence of incarceration could affect appellant's life. The trial court also explained that
representing one's self can lead to problems of objectivity and that appellant would be
required to abide by the rules of evidence and procedure and that he would not be granted
any special consideration due to his lack of training in the law. The record reflects that
appellant was properly advised of the dangers and disadvantages of self-representation,
yet he intelligently and knowingly waived his right to counsel.

 Appellant contends that, for his waiver of counsel to have been knowing and
intelligent, the trial court had to inform him of "the total and complete ramifications that a
conviction for indecent exposure could have on the Appellant for the rest of his life." 
Specifically, appellant indicates that the trial court never warned appellant of the probable
outcome to his teaching profession at a state university if he were found guilty of indecent
exposure. In addition, appellant argues that he was never warned of "the probable
hardships that would present themselves for the remainder of Appellant's life if he were to
be found guilty of indecent exposure." However, appellant cites us to no authority placing
a duty upon the courts to ensure that an accused is aware of every possible collateral
consequence that may result from a conviction before a waiver of counsel will be deemed
valid. In the present case, the record reflects that the trial court informed appellant of the
charge against him and the range of punishment applicable to that charge. The trial court
went further and discussed with appellant how a sentence of incarceration could disrupt
the lives of his family and affect his military service. We do not believe that the validity of
a waiver of counsel is dependant upon the trial court's ability to foresee "the total and
complete ramifications that a conviction" for the charged offense may have. 

 In addition, Appellant contends that his waiver of counsel was not valid because the
trial court made no express inquiry into the voluntariness of appellant's waiver. While a
waiver of right to counsel is valid only if it is voluntarily made, a determination that a waiver
was voluntary may be inferred from the actions and words of the accused based on the
particular circumstances of the case. See Johnson v. State, 760 S.W.2d 277, 289
(Tex.Crim.App. 1988); Moreno v. State, 511 S.W.2d 273, 276-277 (Tex.Crim.App. 1974). 
After the trial court admonished appellant regarding the dangers and disadvantages of self-representation and confirmed that appellant's waiver was being intelligently and knowingly
made, appellant made certain statements that seemed to the trial court to make appellant's
waiver equivocal. The trial court discussed this apparent change in position with appellant,
reiterated to appellant that an attorney could be appointed to him at no charge, and stated
that "All that takes is a request." However, appellant persisted in his waiver of counsel. 
After this brief appearance of equivocation, appellant repeatedly and consistently
maintained his desire to represent himself. 

 The record reflects that appellant, after having been advised of the dangers and
disadvantages of self-representation, voluntarily, knowingly, and intelligently waived his
Sixth Amendment right to counsel. Therefore, we overrule appellant's second issue.

In-Court Identification

 By his third issue, appellant contends that Sepeda's in-court identification should
have been excluded due to an unreliable photo lineup. Appellant cites authority that a
suggestive photo lineup can irreparably taint a subsequent in-court identification, yet
appellant makes no attempt to identify any particular aspect of the photo lineup that was
impermissibly suggestive. Rather, appellant contends that, because Sepeda indicated that
appellant's picture "looks like him but not sure," that her positive in-court identification,
coming eleven months after she witnessed the event, was unreliable and should, therefore,
have been excluded.

 A pro se litigant must comply with the rules of evidence and procedure and is not
to be granted any special treatment because he has asserted his pro se rights. Johnson,
760 S.W.2d at 279. The Texas Rules of Appellate Procedure require a litigant, to preserve
error for review, to timely object to the alleged error and state the grounds for the ruling
sought from the trial court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context of the objection. 
Tex. R. App. P. 33.1(a)(1)(A); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). 
A trial court's decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).

 In the present case, appellant voiced no objection to Sepeda's in-court identification
testimony. Therefore, any error in the admission of this evidence has not been preserved
for appellate review. See Tex. R. App. P. 33.1(a)(1)(A); Dixon, 2 S.W.3d at 265. The
record reflects that appellant, through cross-examination, elicited testimony from Sepeda
that she was not 100 percent certain that the photo she identified in the photo lineup was
of the person that committed the offense. However, Sepeda's uncertainty in regard to the
photo identification would go to the weight to be afforded the evidence rather than to its
admissibility. 

 We overrule appellant's third issue.

Prosecutorial Misconduct

 By his first issue, appellant contends that the trial court erred in refusing to declare
a mistrial for prosecutorial misconduct. Appellant cites three particular instances that he
contends constitute prosecutorial misconduct. The proper method of preserving error
resulting from prosecutorial misconduct is to (1) object on specific grounds, (2) request an
instruction for the jury to disregard the evidence or argument, and (3) move for mistrial. 
Penry v. State, 903 S.W.2d 715, 764 (Tex.Crim.App. 1995). As above, appellant did not
object to any of the instances of alleged prosecutorial misconduct and, therefore, nothing
is preserved for our review. 

 We overrule appellant's first issue.


Legal and Factual Sufficiency

 By his fourth issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction for indecent exposure. Specifically, appellant
challenges the sufficiency of the evidence identifying him as the person that committed the
offense and establishing the requisite intent to arouse or gratify the sexual desire of any
person. 

 When reviewing challenges to both the legal and factual sufficiency of the evidence
to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State,
922 S.W.2d 126, 133 (Tex.Crim.App. 1996). In reviewing the legal sufficiency of the
evidence, we review all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury
is the sole judge of the weight and credibility to be afforded the evidence. Jackson, 443
U.S. at 319.

 To obtain a conviction for the offense of indecent exposure, the State had to prove
that appellant exposed his anus or any part of his genitals with intent to arouse or gratify
the sexual desire of any person and he did so while being reckless about whether another
was present who would be offended or alarmed by his act. Tex. Pen. Code Ann. Â§
21.08(a) (Vernon 2003).

 Viewing the record evidence in the light most favorable to the verdict, we conclude
that the evidence was sufficient to support each essential element of the offense beyond
a reasonable doubt. In regard to appellant's challenge of the evidence supporting his
identification, the record reflects that appellant owned a vehicle that displayed a license
plate with the same license plate number as the one that was written down by Sepeda,
Sepeda positively and unequivocally identified appellant as the perpetrator of the offense
by her in-court testimony, and appellant's boss testified that appellant told her that, in
February of 2005, he had been in the area where the indecent exposure occurred. Viewing
this evidence in the light most favorable to the verdict, a rational jury could have found this
element of the offense beyond a reasonable doubt. As to the intent to arouse or gratify
element, Sepeda testified that she observed appellant masturbating. Intent may be
inferred from acts, words, and conduct of the accused. Hernandez v. State, 819 S.W.2d
806, 810 (Tex.Crim.App. 1991). We conclude that a rational jury could have inferred from
appellant's act that he intended to gratify his sexual desires. We overrule appellant's legal
sufficiency challenge. 

 When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we are to give deference to the fact finder's
determinations if supported by the record and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury's verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 

 Appellant challenges the factually sufficiency of the evidence to support the same
two elements as above. Keeping in mind the evidence identified above that would support
the identification of appellant as the perpetrator of the offense, we must also consider
appellant's argument that he was not and could not have been at the location when the
offense occurred because he was across town. Appellant offered a receipt from a
supermarket located some distance from the scene of the crime which indicated that
appellant made a purchase of a pack of gum at 4:27 p.m. According to Sepeda, the crime
occurred around 4:10 p.m. Appellant also indicates that "there is possible evidence that
the time clocks on [the supermarket's] computers was (sic) 10 minutes fast on February
21, 2005." However, appellant provides no record reference for this "possible evidence"
nor can we find any evidence in the record that would support this contention. Detective
English testified that he drove from the location of the crime to the supermarket identified
on appellant's receipt at the same time of day as when the offense occurred and a person
could have made that trip and purchased a pack of gum in this 17 minute window. 
Considering all the evidence in a neutral light, we conclude that the jury was rationally
justified in finding that appellant was the perpetrator of the offense. As for evidence of
intent to arouse or gratify, appellant contends that there was no express evidence that
either he or Sepeda were aroused or gratified by the indecent exposure. However, the
offense requires that the exposure occurs with intent to arouse or gratify the sexual desire
of any person. As stated above, intent may be inferred from acts, words, and conduct of
the accused. Hernandez, 819 S.W.2d at 810. Even in the absence of direct testimony that
appellant intended to gratify his own sexual desires by masturbating, the jury was rationally
justified in inferring his intent to gratify his sexual desire from his actions. We overrule
appellant's factual sufficiency challenge.

 We overrule appellant's fourth issue.

Conclusion

 Having overruled each of appellant's issues, we affirm the judgment of the trial
court. 

 

 Mackey K. Hancock

 Justice






Publish.