Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00591-CR

Johnny Chano **EVANS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3484
Honorable George H. Godwin, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 9, 2012

AFFIRMED

A jury found appellant, Johnny Chano Evans, guilty of injury to a disabled individual and assessed punishment at eleven years' confinement. We affirm.

## BACKGROUND

Appellant was indicted on April 28, 2011 for the offense of injury to a disabled individual. The alleged offense occurred on or about December 17, 2010. Prior to his indictment, an attorney was appointed to represent appellant. Appellant's attorney filed a

Motion Suggesting Incompetency and Request for Examination to determine appellant's competency to stand trial. The case was referred to a criminal law magistrate and, after appellant's competency evaluation by a psychiatrist, a hearing was held to determine appellant's competency to stand trial.[1] The magistrate judge determined appellant was competent to stand trial. At the same hearing, appellant expressed his desire to waive his right to counsel and represent himself. The magistrate judge conducted a *Faretta* hearing in which the court questioned appellant about his age, education, and experience, among other factors, and noted the appellant's competency evaluation. *See Faretta v. California*, 422 U.S. 806, 835–36 (1975) (noting criminal defendant has constitutional right to conduct his own defense at trial, but record must reflect a knowing and intelligent election to proceed without counsel). After this hearing, the magistrate judge determined appellant was competent to represent himself at trial, but nonetheless, appointed his prior court-appointed attorney to act as standby counsel. Subsequently, the day before trial, the trial judge conducted another *Faretta* hearing and concluded appellant was competent to represent himself. At trial, appellant represented himself, without the help of his standby counsel.

## DISCUSSION

In his sole issue on appeal, appellant contends his right to representation under the Sixth Amendment to the United States Constitution was violated when the trial court allowed him to waive representation of counsel. Appellant asserts this waiver was not knowingly and voluntarily given because he was not competent to make such a waiver.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The right to trial counsel is regarded as fundamental. *Gideon v. Wainwright*, 372 U.S. 335, 343–

---

[1] The psychiatric evaluation of appellant's competency is not in the record.

44 (1963). An indigent defendant is entitled to appointed counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel. *Id.* at 340–45. To assess whether a waiver is effective, we "consider the totality of the circumstances," which means we "must examine 'the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Additionally, the Sixth Amendment includes the reciprocal right to self-representation. *Faretta*, 422 U.S. at 818–19. However, before a defendant is entitled to self-representation, he or she must unequivocally assert that right. *Williams*, 252 S.W.3d at 356.

Once a defendant asserts the right to self-representation, under *Faretta*, the trial court must inform the defendant about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). When advising a defendant about the dangers and disadvantages of self-representation, the trial court must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights." *Williams*, 252 S.W.3d at 356 (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)).

Recently, the United States Supreme Court addressed the relation between the standard for competence to stand trial and the right of self-representation. *Indiana v. Edwards*, 554 U.S. 164, 172 (2008). The Court recognized that a mental competency limitation exists on the right to self-representation, and that competence to represent oneself during a trial involves a higher standard than is required for competence to stand trial. *Id.* The Court also noted that "the

Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." *Id.* at 177–78.

Here, we note that both the magistrate judge and the trial judge conducted informal inquiries into appellant's mental competence when two *Faretta* hearings were held on appellant's request to represent himself. *See Faretta*, 422 U.S. at 835–36. Over the course of appellant's two hearings, both judges comprehensively focused on the mandated questions as to whether appellant was competent to represent himself and whether he was aware of extensive problems that might arise in the undertaking. Appellant indicated he understood the potential problems and that he still wished to proceed *pro se*. At both hearings, the judges explained to appellant the dangers and disadvantages of self-representation. Appellant, however, was adamant and maintained his desire to represent himself.

At the first *Faretta* hearing, the magistrate judge informed appellant of the range of punishment he was facing, verified that he understood the charges against him, and admonished him at length on the dangers and disadvantages of self-representation. Additionally, the magistrate judge inquired into appellant's educational and work background, and whether appellant had any history of mental disorders or psychiatric treatment, to which he replied he did not. Throughout this hearing, appellant maintained his desire to represent himself. After several more admonishments, the magistrate judge found appellant mentally competent to represent himself.

On the day before trial, the trial judge conducted another *Faretta* hearing in which he repeated the magistrate judge's same inquiries and admonishments. Having received substantially similar responses from appellant, the trial judge also found appellant mentally

competent to represent himself. The trial judge then permitted appellant to proceed to trial representing himself, with appointed standby counsel.

Appellant argues on appeal that he did not fully appreciate the nature of the proceedings or the gravity of the charges against him because his only concern was the most expeditious resolution of his case. Appellant points to evidence in which he explained to the court during the first *Faretta* hearing that he was tired of waiting and wanted to get his legal matters resolved. Appellant also contends that his answers in response to the questions of both judges indicate his misunderstanding of how the criminal process worked, the importance of proper presentation of evidence, or how, even though factually innocent, he could be nonetheless convicted if he made a legal error.

However, at the first hearing, appellant indicated he had gone through the twelfth grade and that he had studied paralegal work on his own. Appellant did not indicate he suffered from any mental illnesses or diseases. Appellant also acknowledged that he understood his entitlement to a court appointed attorney, but stated he did not want one and added:

> I mean, I know—okay, I know how the system is. [The appointed attorney is] coming and talking about . . . getting a private investigator. It's just taking time. I'm ready to go to trial . . . I mean, I've been here six months.

Before the second hearing, appellant announced he was not ready because he did not have any motions to file because he had trouble accessing the jail law library, indicating appellant had at least a basic understanding of the legal process. Also, appellant objected to the complaining witness's testimony and claimed she was mentally ill and that he was concerned about her capability to testify—further demonstrating his basic understanding of trial procedure. In addition, appellant indicated to the trial judge that he had experience representing himself *pro se* in a prior civil case. Considering the totality of the circumstances, we see no evidence in any of

these pre-trial proceedings to suggest appellant did not knowingly, intelligently, and voluntarily waive his right to counsel.

Similarly, appellant contends the trial court erred in failing to stop his self-representation when it became obvious during the course of the trial that he was not competent to represent himself. As proof, appellant points to his statements during voir dire and trial that were "bizarre and nonsensical." For example, appellant claims his opening statement was irrational because he emphasized a quote from former President Bill Clinton and rambled about his neighborhood and his work ethic. Appellant also offers, as proof of his incompetency, his lack of presenting any evidence during his case-in-chief. In response, the State contends appellant did not need the skill and experience of a lawyer in order to competently and intelligently represent himself.

We agree with the State. The record contains evidence that appellant had a consistent defense strategy in which he alleged the complaining witness made up her allegations against him because she was mentally ill and that her injuries were the result of her own physical handicaps. Additionally, appellant showed an ability to conduct himself appropriately in court, including asking potential jurors' coherent questions and cross-examining the State's witnesses. *See Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (determining defendant was not incompetent in his waiver of counsel because he "showed during his period of self-representation the ability to communicate effectively and to participate in the proceedings against him"). For example, appellant made a challenge for cause during voir dire. Further, he objected to several questions and comments by the State, several of which were sustained by the trial judge.

In light of the record, we conclude appellant's decision to represent himself *pro se* was made knowingly, intelligently, and voluntarily. And, although a defendant's choice of self-

representation need not be "wise" and may ultimately be "to his own detriment," appellant demonstrated he was able to communicate effectively and to participate in the proceedings against him. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). We conclude that the record establishes appellant's awareness of his choice to waive counsel and represent himself, and that he made the decision with "eyes open." *Faretta*, 422 U.S. at 835.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Do not publish