

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00101-CR

JOSEPH QUELON HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01786

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Joseph Quelon Harris appeals from his conviction by a jury for the offense of murder. A complete record from the trial has been filed. However, we have been informed that the retained attorney who represented Harris at trial was not retained for activity beyond trial. Harris is presently before this Court without benefit of counsel. Before the appeal can proceed further, we must know the status of Harris.

Therefore, we abate this appeal to the trial court so that it may conduct any hearings (in person, by video link, or by telephone) that are necessary to make these determinations. The court may make any orders necessary to implement our directives.

The trial court shall make the following determinations and enter findings on each: (1) whether Harris wishes to pursue this appeal; (2) whether Harris is indigent; (3) if indigent, whether Harris wishes to have an attorney represent him on appeal; and (4) if not indigent, whether Harris wishes to represent himself on appeal.

If Harris is indigent and wishes to be represented by an attorney on appeal, then the court shall appoint an attorney to represent him. If Harris is found not to be indigent and wishes to prosecute this appeal, then he has thirty days to retain counsel and inform this Court, immediately upon hiring of counsel, of counsel's name and address.

If Harris desires to represent himself, then the trial court should give him the same admonishments and make the same findings as required in a traditional *Faretta* hearing. Under those requirements, an accused's decision to represent himself or herself at trial must be made knowingly, intelligently, and voluntarily. *Faretta v. California*, 422 U.S. 806, 835 (1975); *see*

*also* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012). The warnings of the pitfalls of engaging in a legal proceeding without counsel must be rigorously conveyed. *Iowa v. Tovar*, 541 U.S. 77 (2004). The record must show that the trial court admonished the defendant of the practical disadvantages of self-representation, including the fact that he or she will not be granted any special consideration or relief from the technicalities of the Texas Rules of Evidence and procedure solely because the defendant elects to appear pro se. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). If Harris desires to represent himself, he must also prepare and file a written waiver as required by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

Any hearing should be conducted by the trial court within fifteen days of the date of this order. Appropriate orders and findings should be sent to this Court in the form of a supplemental clerk's record within fifteen days of the date of this order. If a hearing is conducted, the reporter's record should be filed with this Court within fifteen days of the date of the hearing.

Pending the return of the appeal to this Court's jurisdiction, all appellate timetables are stayed.

IT IS SO ORDERED.

BY THE COURT

Date:　　　December 12, 2012

3