Isaac Lee POWELL, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 62835.

Court of Criminal Appeals of Texas, Panel No. 3.

May 12, 1982.

Carolyn D. Hobson, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Larry P. Urquhart & Michael McSpadden, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of driving a motor vehicle while under the influence of an intoxicating li-

quor. The punishment is imprisonment in the county jail for sixty days and a fine of three hundred dollars.

The appellant contends that the trial court did not fulfill the obligations imposed upon it by the Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In *Faretta* the Supreme Court stated the following:

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, the accused must 'knowingly and intelligently' forego those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' [cited omitted.]"

In the case at bar the appellant entered a plea of not guilty, represented himself at his trial, and was found guilty of the offense by the jury. The judgment recites that appellant "appeared in person and waived right to counsel." Nothing else appears in the record regarding the appellant's waiver of his right to assistance of counsel or an assertion of his right to represent himself at trial. The State concedes and we agree that the record fails to establish that the appellant knew what he was doing and made his choice with his eyes open. *Faretta v. California,* supra; *Campbell v. State,* 606 S.W.2d 862 (Tex.Cr.App. 1980). Compare *Martin v. State,* 630 S.W.2d 952 (1982) (Opinion on Rehearing); *Johnson v. State,* 614 S.W.2d 116 (Tex.Cr. App.1981) (Opinion on Rehearing.)

The judgment is reversed and the cause remanded.