

# NUMBER 13-12-00067-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LORENZA PARNELL BROWN,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

## On appeal from the 411th District Court
## of Polk County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

This is an appeal of the trial court's judgment revoking appellant Lorenza Parnell

Brown's community supervision.    By his first two issues, Brown asserts that the trial court

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.    *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

abused its discretion when it revoked his probation.  By a third issue, Brown contends that he was "denied the assistance of counsel at his revocation hearing because he did not knowingly, intelligently, and voluntarily waive his right to counsel when the trial court failed to inform him of the dangers and disadvantages of self-representation."  Because Brown's third issue is dispositive of this appeal, we will address it first.  See TEX. R. APP. P. 47.1.  We reverse and remand.

## I.  BACKGROUND[2]

On January 26, 2000, Brown entered a plea of no contest, and the trial court found him guilty of possession of marihuana, a third-degree felony.  See TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (West 2010).  After assessing punishment at ten years' confinement in the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID), the court suspended the sentence and placed Brown on community supervision for ten years.

On January 31, 2007, the State filed a second motion to revoke Brown's community supervision, alleging that Brown violated a condition of the trial court's supervision order by failing to pay supervision fees from 2004 to 2006.[3]  The docket sheet reflects that the State announced ready at a court setting on March 28, 2007; Brown did not appear.  Brown's original term of community supervision would have expired in January 2010.

---

[2] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  See TEX. R. APP. 47.4.

[3] The State withdrew its first motion to revoke, filed in 2003, when Brown paid his supervision fees that were delinquent at that time.

On November 10, 2010, Brown was arrested for an unrelated charge in Brazoria County, and on July 11, 2011, Brown pleaded guilty to the state-jail felony offense of evading arrest and received a sentence of twelve months' confinement in a state jail facility. On April 24, 2011, while serving that sentence, Brown filed a motion for a speedy revocation hearing in this case and, on September 20, 2011, filed a motion to dismiss the State's motion to revoke his community supervision.

On October 5, 2011, with Brown present, the trial court appointed counsel to represent him on the State's motion to revoke, which was set for November 2, 2011 and reset for November 16, 2011. It is undisputed that at the November 16 hearing Brown requested that he be allowed to proceed pro se, without the assistance of his court-appointed counsel—that it was his desire to "waive the right to counsel and represent [him]self." At the November 16 hearing, the trial court gave Brown no admonishments concerning his self-representation.

The trial court heard Brown's motion to dismiss the State's motion to revoke on December 7, 2011. At that hearing, the trial court confirmed that Brown "did[ not] need a court-appointed attorney, that [he was] going to represent [him]self." Both Brown and the State made arguments and cited case law to the court. The trial court denied Brown's motion and then heard the State's motion to revoke without admonishing Brown about proceeding pro se.

At the conclusion of the hearing, the trial court found Brown violated the conditions of his probation as alleged in the State's motion, revoked his probation, and assessed Brown's punishment at five years' confinement in the TDCJ-ID. Brown filed a motion for

new trial, which was overruled by operation of law. This appeal followed.

## II. DISCUSSION

By his third issue, Brown contends that he was denied the assistance of counsel at his revocation hearing when he did not knowingly, intelligently, and voluntarily waive his right to counsel because the trial court failed to inform him of the dangers and disadvantages of self-representation. In response, the State concedes that the trial court did not warn Brown on the record about the dangers of self-representation. The State further concedes that a harmless error analysis is not available and that the case should be reversed and remanded for a new hearing on revocation.

The Sixth Amendment guarantees the fundamental right to be represented by counsel at a criminal trial. U.S. CONST. amend. VI, XIV; *see Faretta v. California*, 422 U.S. 806, 807 (1975); *see also Williams v. State*, 252 S.W.3d 353, 355–56 (Tex. Crim. App. 2008). Therefore, an indigent defendant is entitled to appointed counsel, unless the defendant competently, intelligently, and voluntarily waives the right to counsel. *Williams*, 252 S.W.3d at 356 (citing *Gideon v. Wainwright*, 372 U.S. 335, 340–45 (1963)).

The Sixth Amendment also contains the reciprocal right to self-representation, where the defendant voluntarily and intelligently requests to represent himself. *Faretta*, 422 U.S. at 807, 818–20, 835; *Williams*, 252 S.W.3d at 356. A defendant who has chosen to proceed pro se should be admonished about "the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). In other words, for a waiver of

4

counsel to be made voluntarily and intelligently in this context, it must be made "with a full understanding of the right to counsel, which is being abandoned"; generally, the record must reflect that the trial court "thoroughly" warned and admonished the defendant about proceeding pro se. *Collier v. State*, 959 S.W.2d 621, 626 & n.8 (Tex. Crim. App. 1997). Furthermore, the Texas Court of Criminal Appeals has "recognized that when the record does not affirmatively show that the defendant was sufficiently admonished as required by *Faretta*, it is reversible error, not subject to a harm analysis." *Williams*, 252 S.W.3d at 357 (citing *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Powell v. State*, 632 S.W.2d 354, 355 (Tex. Crim. App. 1982); *Johnson v. State*, 614 S.W.2d 116, 117–19 (Tex. Crim. App. 1981); *Lisney v. State*, 574 S.W.2d 144, 145–47 (Tex. Crim. App. 1978)); *see* TEX. R. APP. P. 44.2(a).

As set out above, Brown requested that he be allowed to proceed pro se at the revocation hearing, without the assistance of his court-appointed counsel. He stated that he desired to "waive the right to counsel and represent [him]self." When Brown asserted his self-representation right, the trial court did not give Brown any warnings about the dangers of self-representation. The State concedes, and we agree, that the trial court erred in permitting Brown to represent himself at the revocation hearing without the proper admonishments. In addition, as conceded by the State, although Brown represented himself effectively at the revocation hearing—raising on-point objections, conducting vigorous and relevant cross-examination, and arguing sophisticated points of law (including due diligence arguments that are being asserted on appeal)—a harmless error analysis is not available in this case. *See Williams*, 252 S.W.3d at 357. We

5

sustain Brown's third issue.[4]

### III. CONCLUSION

We reverse the trial court's judgment and remand for a new revocation hearing.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.

---

[4] Because this issue is dispositive of the appeal, we need not address Brown's remaining issues. *See* TEX. R. APP. P. 47.1.